McWILLIAMS, Circuit Judge.
 

 This is an appeal in a bankruptcy proceeding in which the bankruptcy judge denied discharge on the ground that the debt- or had knowingly and fraudulently concealed some $3,000 in assets from the trustee and his creditors. In addition, the bankruptcy judge also found that the debtor had made a false oath in relation to the proceeding. The order of the bankruptcy judge denying discharge was affirmed by the United States District Court for the District of Kansas. The bankrupt now asks that we reverse that judgment.
 

 Tim Aaron Strunk, a farmer, filed a petition for voluntary bankruptcy on August 15, 1977, in the United States Bankruptcy Court for the District of Kansas. In his Statement of Affairs attached to the petition, Strunk indicated that he had maintained a checking account at the Farmers National Bank in Abilene, Kansas, within two years prior to the filing date. In a schedule also filed with the petition, Strunk stated that as of August 15,1977, he had no monies on deposit with any banking institution. On the date Strunk filed the petition, however, the balance in his account in the Farmers National Bank was in fact $3,268.98. The petition, the statement, and the schedule were signed by Strunk and were sworn to contain truthful statements to the best of his knowledge, information, and belief.
 

 On September 7, 1977, at the first meeting of creditors, Strunk again affirmed under oath the statements previously made by him in his petition and accompanying attachments. As of that date, Strunk had the sum of $1,976.30 on deposit in the Farmers National Bank.
 

 In April of 1978, the trustee requested copies of bank statements Strunk had received from the Farmers National Bank for the months of August, September, and October of 1977. Copies of his cancelled checks were also delivered to the trustee on or about June 1, 1978. On November 28, 1978, prior to final accounting, Strunk delivered to his attorney, to be forwarded to the trustee, $3,277 for the balance shown on the records of the Farmers National Bank as of August 15, 1977.
 

 The Farmers Co-operative Association of Talmage, Kansas, a judgment creditor of Strunk, filed an objection to discharge on August 3, 1978, alleging that Strunk had made false statements under oath in his bankruptcy petition and had knowingly and fraudulently concealed assets from his estate. The matter was heard by the bankruptcy judge on July 11, 1979, who thereafter on March 27, 1980, entered an order denying discharge.
 

 
 *394
 
 At the hearing on the Farmers Co-op’s objection to discharge, numerous bank statements were received in evidence, including the bank statements which were received by Strunk for the months of August and September of 1977. The statement for August, 1977, is dated August 31, 1977. The statement for September, 1977, is dated September 30, 1977. The August statement reflects a beginning balance of $3,897.75, 26 entries, 25 of which were checks totaling $1,886.44, no deposits, and an ending balance of $2,011.31.
 
 [1]
 
 Of the 25 checks on the August statement, 11 were written prior to August 15, 1977, and 14 were written subsequent to that date. The September statement reflects a beginning balance of $2,011.31, 23 entries, all of which were checks totaling $1,789.20, no deposits, and an ending balance of $222.11.
 

 In addition to bank records, the parties stipulated to several matters, including a stipulation that “[A]s of August 15, 1977 [the date when the petition in bankruptcy was filed] the defendant [Strunk] had drawn and delivered checks on the Farmers National Bank which, if honored, would have overdrawn his account.” In this regard, bank records indicated that during the eight-month period immediately preceding the filing date of Strunk’s petition, Strunk had written 14 not sufficient funds checks totaling $10,048.91 which were returned unpaid by the bank.
 

 Strunk did not testify at the hearing on the Farmers Co-op’s objection to discharge. Instead, he relied almost entirely on the stipulation set forth above, and contended that at the time he executed the petition, he was under the impression that there was no money in the account since he had drawn checks against the account, which, if honored, would have overdrawn the account. To support this contention, Strunk called as his only witness at the hearing the vice-president and cashier of the Farmers National Bank who testified that it was not uncommon for checks which were returned unpaid as overdrafts on an account to be resubmitted two or three times. It was undisputed that the last not sufficient funds check written by Strunk was returned early in July, 1977. At that time, Strunk received an overdraft notice from the bank dated July 1, 1977, advising him that a check in the amount of $5,887.05 was not paid, and that his balance subsequent to the debit for the overdraft charge was $4,826.43. The bankruptcy judge found that none of Strunk’s not sufficient funds checks was re-presented to the bank during the months of August or September, 1977.
 

 Section 14(c) of the old Bankruptcy Act, 11 U.S.C. § 32(c) (repealed 1978),
 
 [2]
 
 requires a court to grant the discharge of a debtor unless the court is satisfied that the debtor has committed an offense punishable by imprisonment under 18 U.S.C. § 152. That statute provides, in part:
 

 Whoever knowingly and fraudulently conceals from the . . . trustee, ... or from creditors in any bankruptcy proceeding, any property belonging to the estate of a bankrupt; or
 

 Whoever knowingly and fraudulently makes a false oath or account in relation to any bankruptcy proceeding; .... Shall be fined not more than $5,000, or imprisoned not more than five years, or both.
 

 Under the Bankruptcy Act, a person objecting to discharge of the debtor must show to the satisfaction of the court that
 
 *395
 
 there are reasonable grounds for believing that the bankrupt has committed an act which bars discharge.
 
 In re Robinson,
 
 506 F.2d 1184, 1187 (2nd Cir. 1974);
 
 In re KDI Corp.,
 
 477 F.2d 742, 744 (6th Cir. 1973). In the instant case, it was not disputed that Strunk failed to disclose to the trustee the fact that he had money in his checking account. Thus the only remaining issue was whether such concealment was knowing and fraudulent in nature.
 

 Proof of fraudulent concealment, in order to bar discharge, need be shown only by a preponderance of the evidence.
 
 In re Reno Scale Models, Inc.,
 
 No. 79-00152 (Nev.Bankr.Ct. April 7, 1980). Similarly, proof by a preponderance is all that is required to establish the making of a false oath.
 
 In re Robinson,
 
 506 F.2d at 1187. The intentional and fraudulent omission of assets from the sworn Statement of Affairs or schedules can constitute both a concealment and a false oath under § 14(c).
 
 IA Collier on Bankruptcy
 
 § 14.20 (14th ed. 1978).
 

 The bankruptcy judge concluded that Strunk’s assertion that a number of outstanding checks which previously had been dishonored as not sufficient funds checks caused him to believe that he had no money in the account was not borne out by the evidence. The judge noted that Strunk could have telephoned the bank to obtain his exact balance, or he could have left the schedule blank and filled it in later, once he ascertained the correct amount. The judge found the fact that Strunk wrote numerous checks on the account after August 15, 1977, to be inconsistent with his defense that the account was depleted, or alternatively, that the funds it contained were to remain there to await re-presentation of the not sufficient funds checks. Based upon these findings, the judge concluded that at the time he filed the petition, Strunk intentionally and fraudulently concealed monies located in his checking account at the Farmers National Bank. The judge also held that at the September 7, 1977, meeting, Strunk again failed to disclose assets, though he was given an opportunity to do so. The findings of the bankruptcy judge are not to be reversed by a reviewing court unless they are clearly erroneous.
 
 American National Bank of Denver v. Rainguet,
 
 323 F.2d 881, 882 (10th Cir. 1963). The present findings are not clearly erroneous.
 

 Contrary to appellant’s assertion, the stipulation that he had written a number of checks, which, if honored, would have overdrawn his account, does not, in our view, preclude a finding that he committed a knowing and fraudulent concealment of his assets. Some of these checks had been outstanding for a considerable period of time, and, though they were presented once for payment, none had been re-presented during August or September, 1977. And of course the undisputed fact is that Strunk received bank statements in July and August, 1977, indicating he had a balance in the Farmers National Bank of several thousand dollars. He should have advised the bankruptcy court of that fact, but he did not. His actions simply cannot be reconciled with his claim that he mistakenly believed that he had no money in the bank.
 

 Strunk complains that in ascertaining his intent as of August 15, 1977, the bankruptcy judge relied, in part, on events occurring
 
 after
 
 August 15, 1977, including the fact that he continued to write numerous checks on his account. Fraudulent intent of course may be established by circumstantial evidence, or by inferences drawn from a course of conduct.
 
 See In re Vecchione,
 
 407 F.Supp. 609, 615 (E.D.N.Y.1976). Subsequent conduct is often probative of one’s intent on a prior occasion. The facts and circumstances in the instant case are such as to permit the inference that Strunk did act knowingly and fraudulently.
 

 Finally, the fact that Strunk later tendered the trustee a check for the amount in his bank account on August 15, 1977, is not dispositive of the issue of his intent at the time he filed his petition, particularly when viewed in the light of the fact that he did not voluntarily disclose his omission, but acted only
 
 after
 
 the trustee
 
 *396
 
 had requested his bank statements and returned checks. Detriment to a creditor need not be shown in order to establish fraudulent concealment or a false oath barring discharge.
 
 In re Robinson,
 
 506 F.2d at 1188.
 

 Judgment affirmed.
 

 [1]
 

 . The 26th entry was a debit to pay an installment on a note due the bank in the amount of $203.20.
 

 [2]
 

 . Appellant’s bankruptcy proceeding was brought pursuant to the Bankruptcy Act of 1898, which was then in effect. Section 401(a) of the Bankruptcy Reform Act of 1978 repealed the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, which comprised former Title 11, but section 403(a) provided that
 

 A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [Pub.L.No.95-598] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.