In re Ivory Lonnie **BALCH, d/b/a Carpet Factory Outlet, d/b/a Carpet Discount Warehouse, d/b/a Balch Brick & Supply, Debtor.**

**David R. LANGSTON, Trustee, Plaintiff,**

v.

**Ivory Lonnie BALCH, Defendant.**

**Bankruptcy No. 581–00134.
Adv. No. 582–0033.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

July 8, 1982.

David R. Langston, McWhorter, Cobb & Johnson, Lubbock, Tex., for David R. Langston, trustee.

Larry A. Elms, Kimmel & Elms, Lubbock, Tex., for Ivory Lonnie Balch.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Ivory Lonnie Balch, conducting business under the common names and styles of Carpet Factory Outlet, Carpet Discount Warehouse, and Balch Brick & Supply filed petition for order for relief under Chapter 7 of Title 11, United States Code, on December 30, 1981. The trustee in bankruptcy filed complaint objecting to the debtor's discharge under § 727(a)(2)(A), contending that within one year before the filing of the petition the debtor had transferred or concealed property of the estate with the intent to hinder, delay, or defraud a creditor. The following summary constitutes findings of fact after nonjury trial.

The date when Balch first commenced conducting business in Lubbock County, Texas, is not reflected by the record. However, it is clear that during the past eighteen years a large number of personal judgments have been taken against him. During that entire period Balch has been able to continue his business operations in his individual capacity by, in his words, "operating-out-of-my-pocket."

In 1978 the debtor was presented with the opportunity to purchase a business building in Lubbock, Texas. Because of his checkered financial past, and the fact that his judgment creditors and other creditors could execute on any non-exempt property which he acquired, he recognized that he could not purchase that building as an individual. He sold[1] his family residence and formed Katy B Company, a Texas corporation. He transferred the proceeds of sale of the family homestead to the corporation and used those monies to purchase the business building. All of the shares of stock which the corporation issued were in the name of debtor's wife, Patricia Jean Balch, "as her separate property and estate."

After the corporation acquired the business building the debtor operated his sole proprietorship carpet business from offices in the building. He maintained no personal nor business bank accounts, individually, and operated entirely in cash or by using the corporation's bank account in the conduct of personal and business transactions. The monies which he earned through his carpet business were deposited in the corporate bank account set up for "Katy B" and all personal expenses of the debtor and of his family were paid through the corporation. It is undisputed that, except for "services rendered," no rent was paid by debtor to the corporation for his use and occupancy of the building. While he ostensibly performed various undefined services for and on behalf of the corporation, he received no salary from the corporation.

In January 1981, the corporation sold the business building. After deducting expenses of sale the sales proceeds of $29,000.00 were deposited in the corporate bank account at Plains National Bank. From that date until the petition was filed on December 30, 1981, the debtor continued to operate his business through the corporate account. Katy B ordered and paid for carpet. A mobile home was purchased in the name of Katy B for the sum of $6,500.00. It was moved to the tract of land west of town where Balch and his family now reside, claiming the mobile home as home-

---

1. He later reacquired title to the residence.

**24**

stead. In summary the proceeds of $29,-000.00 received from sale of the business building by the corporation, together with the profit, if any, made by Balch in the conduct of his carpet business were used for the personal expenses of Balch and his family and little, if any, of those monies were ever paid to the debtor's creditors. The trustee contends that Balch's actions in that regard mandate that his discharge be denied.

Before discharge may be denied under § 727(a)(2)(A) the challenger must prove (1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition (2) with intent to hinder, delay, or defraud a creditor or an officer of the estate, (3) that the act was that of the debtor or of his duly authorized agent, and (4) that the act consisted of transferring, removing, destroying, or concealing any of the debtor's property, or permitting any of those acts to be done. The obvious purpose of this section is to prevent a discharge of a debtor who attempts to prevent collection of his debts by concealing or otherwise disposing of assets.

 Concealment of assets by the debtor is insufficient to deny the debtor's discharge under § 727 unless there is some showing of an actual intent to hinder, delay, or defraud creditors. Constructive intent cannot be the basis for denial of discharge. *In re Loeber,* 12 B.R. 669, 675 (Bkrtcy.D.N.Jer.1981); *In re Rubin,* 12 B.R. 436, 441 (Bkrtcy.S.D.N.Y.1981). The debtor very candidly admitted during trial that the purpose for creation of Katy B and the conduct of all of his personal and business affairs through the corporate bank accounts was to enable him to continue to make a living and to prevent the attachment of his assets by judgment creditors. Thus, the debtor has effectively acknowledged that the second, third and fourth element set out above exists. However, he argues that the corporation was set up more than one year prior to the filing of the bankruptcy petition, the stock was issued in the name of his wife as her separate and estate at the time the corporation was formed, and thus the act complained of was done more than one year before the date of the filing of the petition.

It is clear from the record that the debtor did conceal assets within one year before the date of the filing of the petition when he continued to operate out of the corporate bank account by depositing the monies earned through the sole proprietorship carpet business in the corporate account. Those monies thereby became unavailable for satisfaction of his individual debts. If those were the only actions by the debtor which are being challenged I would be most reluctant to deny discharge. In making that statement I recognize that I am applying the concept of "situation ethics" to bankruptcy proceedings. If assets are concealed from creditors there should be no quantitative test beyond which one's discharge is denied—the value of the property or the amount of cash concealed should make no difference. However, I would be less than realistic if I did not recognize that a man must support his family and that there are many people in the community who are forced to operate out of their pocket or otherwise operate in such a manner that creditors cannot reach their assets in order that they can continue to feed their families. I am not required to resolve the issue in this case on that basis, however, because the debtor's actions went beyond that scenario.

The debtor acknowledged that he had been operating in this fashion for at least eighteen years. More importantly, he acknowledged that the creation of the corporation, with the stock issued to his wife as her separate property and estate, was with the specific intent to prevent his creditors from reaching nonexempt assets. That action occurred in 1978 when the corporation was set up, more than one year before the filing of the petition in bankruptcy. However, the act was a continuing concealment which existed at all times until the bankruptcy petition was filed. Thus the final element is established. *See In re May,* 12 B.R. 618, 622 (D.C.N.D.Fla.1980); *In re Haddad,* 10 B.R. 276, 280 (Bkrtcy.D.Nev.

1981); *Green v. Toy,* 1st Cir.1949, 171 F.2d 979.

I conclude, therefore, that Ivory Lonnie Balch, within one year before the date of the filing of the petition in bankruptcy, transferred and concealed property with intent to hinder, delay, or defraud a creditor or an officer of the estate. His discharge is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.