In re James E. KESSLER, a/k/a James Edward Kessler, Debtor.

James E. KUNCE, Trustee, Plaintiff,

v.

James E. KESSLER, Defendant.

Bankruptcy No. 83–20591.
Adv. No. 83–0243.

United States Bankruptcy Court,
D. Kansas at Kansas City.

Aug. 6, 1985.

James E. Kessler, pro se.

James E. Kunce, Kansas City, Kan., Trustee.

Carol Park, Wichita, Kan., Asst. U.S. Trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came on for trial on January 30, 1985, on the trustee's complaint objecting to discharge of the debtor pursuant to § 727(a)(2), (4), and (7). The trustee and the debtor appeared pro se. At the conclusion of the trial, the Court took the issue under advisement following submission of a partial transcript of the proceeding. The matter is ready for determination.

## FINDINGS OF FACT

Based on the testimony, exhibits, statements of the parties, the file herein, and taking judicial notice of the pleadings in the file of Commercial Insulation Service—KC, Inc., Case No. 83–20545, the Court finds as follows:

1. That this Court has jurisdiction over the parties and the subject matter; and that venue is proper.

2. That according to the schedules filed in the case of Commercial Insulation Ser-

vice—KC, Inc., Case No. 83–20545, question 21a., debtor James Kessler served as president of that company. Subsequent pleadings filed by the debtor, however, state that he worked as assistant treasurer of the corporation and had never served as its president.

3. That in May 1983, Mr. Kessler opened a checking account at United Missouri Bank of K.C., N.A. (hereinafter referred to as "United Missouri Bank") in the name of James E. Kessler d/b/a Insulation Service. This account was opened after the account he had maintained at the State Bank of Stanley in Stanley, Kansas, had judgments against it. Mr. Kessler stipulated at trial that he wrote checks totalling $36,000.00 from this account. Photostats of cancelled checks introduced at trial (debtor/defendant's Exs. A & B) reflected checks totalling approximately $12,000.00.

4. That on June 24, 1983, Mr. Kessler, acting as agent for Commercial Insulation Service—KC, Inc., (hereinafter referred to as "Insulation Service"), filed a Chapter 7 petition herein for the corporation; he filed his individual petition under Chapter 7 on July 12, 1983.

5. That debtor's individual Schedule B–2—Personal Property "b", required him to describe and evaluate his "deposits of money with banking institutions, savings and loan associations, credit unions, public utility companies, landlords and others." Mr. Kessler's response stated that he had no money on deposit in any such institution. In fact, on the date his personal petition was filed, the debtor's checking account at United Missouri Bank had a balance of $5,625.03 (plaintiff's Ex. 2). The petition filed on behalf of Insulation Service also stated there was no money on deposit.

6. It was from information received as a result of Motions for production of documents that the trustee learned of the debtor's checking account at United Missouri Bank.

7. That subsequent to the filing of the two petitions in bankruptcy, Mr. Kessler continued to use the checking account at United Missouri Bank. Bank statements (Pl. Exs. 2, 3, 4, 5, 6) indicate that following the filing of his individual petition, Mr. Kessler wrote checks totalling $8,914.32 and made deposits of $4,474.30 in the United Missouri account. Mr. Kessler testified that the checks were written to pay his debts and living expenses (including dues to Leawood South Country Club and to a racquetball club), as well as the debts of the corporation Insulation Service. The source of the bank deposits was the corporation's accounts receivable.

8. That Mr. Kessler's answer to question 4 of his individual petition in bankruptcy identified the State Bank of Stanley as the *only* bank where he had maintained an account within the two years immediately preceding the filing of his petition. At the trial Mr. Kessler testified his failure to list the United Missouri Bank account was due to his ignorance in filling out the forms. The Chapter 7 petition filed for Insulation Service also failed to list the United Missouri account.

9. That following Mr. Kessler's filing of the Chapter 7 petitions on behalf of Insulation Service and himself, Mr. Kessler continued to collect accounts receivable of the corporation and to deposit them in the United Missouri checking account. Mr. Kessler testified that he did this because he believed it was his responsibility, although a trustee had been appointed in each case.

10. That the trustee filed his original complaint objecting to discharge on December 1, 1983; his first amended complaint on December 28, 1983; and his second amended complaint on January 10, 1984. The trustee seeks to have the debtor's discharge denied under sections 727(a)(2)(A) & (B), (4) and (7) of Title 11 United States Code.

### ISSUE OF LAW

WHETHER THE TRUSTEE HAS SUSTAINED HIS BURDEN OF PROOF SUCH THAT THE DEBTOR'S DISCHARGE SHOULD BE DENIED.

### CONCLUSIONS OF LAW

Section 727(a)(2) states in pertinent part as follows:

"**§ 727. Discharge.**

(a) The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;"

The purpose of this section is to prevent the discharge of a debtor who attempts to avert collection of his debts by concealing or otherwise disposing of assets. *In re Balch*, 25 B.R. 22, 24 (N.D.Tex.1982).

The Code requires the trustee to prove: (1) that a concealment of property has occurred; (2) that the property was property of the estate; (3) that the act complained of was done within one year of the filing of the petition; (4) that the concealment was done with the intent to hinder, delay, or defraud a creditor of the estate.

▪ Proof of fraudulent concealment in order to bar discharge need only be shown by a preponderance of the evidence. *Farmers Co-op Association of Talmage, Kansas v. Strunk*, 671 F.2d 391, 395 (10th Cir.1982).

▪ The Court finds that the trustee has sustained his burden of proof in this case. The trustee Kunce established that the debtor concealed his checking account at United Missouri Bank by failing to list the account in the schedules of his individual petition or those of his corporation. Although 11 U.S.C. § 521(4) required him to "surrender to the trustee all property of the estate", Mr. Kessler failed to do so. The Court finds that his failure to turn over the proceeds from the accounts receivable and to list the funds in United Missouri Bank was tantamount to concealment;

thus, the first element under § 727(a)(2) was met.

The second element is present also, since the checking account was opened in the debtor's name and he never divested himself of his interest in the checking account, and continued after the filing of the petition to execute complete control over the property of the estate, even after a trustee was appointed. Thus, the Court finds the second element under § 727(a)(2) has been satisfied.

The Court further finds that the concealment occurred from the date the account was opened in May 1983, until it was discovered by the trustee in the fall of 1983; and the act therefore was done within one year of the filing of the petition; so the third element has been met.

Mr. Kessler alleges the Court should not bar his discharge pursuant to this section because he lacked the requisite intent to hinder, delay, or defraud a creditor. He contends that no fraud may be present when he used the money to pay personal and corporate creditors. Having had the opportunity to hear Mr. Kessler testify on the witness stand and to observe his demeanor, however, this Court is convinced that Mr. Kessler concealed his interest in the United Missouri checking account with an intent to defraud his creditors. *Volis v. Puritan Life Ins. Co.*, 548 F.2d 895, 901 (10th Cir.1977).

Although Mr. Kessler attempted to identify the creditors who had been paid from this account, his explanation was insufficient. Cancelled checks totalling over $12,000.00 were introduced by the debtor and admitted by the Court. Since Mr. Kessler stipulated, however, that $36,000.00 had been paid through the account, the pay out of the $24,000.00 remains unexplained. "Fraudulent intent of course may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *Strunk*, at 395. The Court finds that Mr. Kessler's inadequate explanation of how he used the money in the United Missouri Bank account creates an inference of fraud which was not rebutted. Thus,

the Court finds that all the elements of § 727(a)(2) are present so that the debtor's discharge will be denied under that section.

Additionally, the Court finds the facts justify denying the debtor's discharge under § 727(a)(4)(A). This section states as follows:

"§ 727. **Discharge.**

(a) The court shall grant the debtor a discharge, unless—

\*     \*     \*     \*     \*     \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;"

As under § 727(a)(2), the trustee's burden of proof is a preponderance of the evidence. *Strunk*, at 395.

Two elements must be present under this section: (1) debtor's oath must have been knowingly and fraudulently made; and (2) it must have related to a material fact. *Matter of Ramos*, 8 B.R. 490, 494, 7 B.C.D. 458, CCH ¶ 67,879 (D.Wis.1981).

The Court rejects as implausible, Mr. Kessler's explanation that he failed to list his United Missouri Bank account because of his ignorance in completing the bankruptcy forms. This Court has observed Mr. Kessler in numerous hearings and is convinced that he is a very intelligent man, one who understood the scheduled language of the question which required him to list all checking accounts in which he held an interest for the past two years. Since he understood the wording well enough to list a bank account he no longer used because it had judgments against it (State Bank of Stanley, Kansas), he surely knew that he should list an account on which he had written checks a few days before he filed his petition (United Missouri Bank). Again, the Court must infer that the omission from the bankruptcy schedules of the United Missouri Bank account was done knowingly and fraudulently.

As this Court has earlier noted, the materiality requirement under this section depends on whether the false oath was pertinent to the discovery of assets or past transactions. *In re Butler*, 38 B.R. 884, 889 (D.Kan.1984). In failing to reveal this account in his schedules, Mr. Kessler's creditors were hindered from discovering assets, as well as past transactions to which they might have objected.

Since all the elements under § 727(a)(4) are present, the Court finds that the debtor's discharge will be denied under this section as well.

Section 727(a)(7) states that:

"§ 727. **Discharge.**

(a) The court shall grant the debtor a discharge, unless—

\*     \*     \*     \*     \*     \*

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, *in connection with another case*, under this title or under the Bankruptcy Act, concerning an insider;" (emphasis added)

The Court finds that Mr. Kessler committed the acts of concealment of property under § 727(a)(2) and making a false oath under § 727(a)(4) not only in his own case but also in connection with the bankruptcy case of Commercial Insulation Service—KC, Inc., Case No. 83–20545. As president and/or assistant treasurer of Insulation Service, Mr. Kessler was an "insider" as defined by § 101(28)(B)(ii). The corporation's bankruptcy petition was submitted by James E. Kessler as its authorized agent, and the petition contained the same omissions regarding the United Missouri Bank account as did the petition filed by James E. Kessler individually. The Court finds that Mr. Kessler was responsible for the concealment of the United Missouri Bank checking account set up in the name of James E. Kessler, d/b/a Insulation Service and for the omission of the checking account from the schedules of the corporation. Accordingly, the Court denies Mr. Kessler's discharge under § 727(a)(7).

THE FOREGOING CONSTITUTES FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 7052 AND RULE 52(a) OF FEDERAL RULES OF CIVIL PROCEDURE.