In re Earl Daniel HADLEY, Albertine Gayle Hadley, Debtors.

John W. COBB, Plaintiff,

v.

Earl Daniel HADLEY, Albertine Gayle Hadley, Defendants.

Bankruptcy No. 85–20336.
Adv. No. 86–0014.

United States Bankruptcy Court,
D. Kansas.

Feb. 9, 1987.

Dianna K. Stapleton, Harry B. Reese, Kansas City, Kan., for debtors/defendants.

Kelly D. Chestnut, Kansas City, Mo., Hamilton & McRorey, Olathe, Kan., for plaintiff.

James S. Willis, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Bankruptcy Judge.

This matter came for trial on plaintiff, John W. Cobb's complaint objecting to discharge of the debtors, Earl Daniel Hadley and Albertine Gayle Hadley, on September 9 & 11, 1986. The plaintiff appeared by and through his attorneys, Kelly D. Chestnut and Robert McRorey. The debtor-defendants appeared in person and through counsel, Dianna K. Stapleton and Harry B. Reese.

## FINDINGS OF FACT

Based on the testimony at trial, exhibits, statements of parties, the adversary file, and the main case file (Case No. 85 20336), this Court finds as follows:

1. This Court has jurisdiction over the parties and the subject matter. Venue is proper.

2. The debtors, Earl Daniel Hadley and Albertine Gayle Hadley, operated a business called Mobil Wash, along with James and Vannetta Greene prior to the filing of their bankruptcy petition.

3. On April 11, 1985, the debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code. The bankruptcy involved both their personal and business assets and liabilities.

4. The debtors' Schedule B–2 (personal property schedule) failed to list several personal and business assets. The debtors failed to schedule jointly held shares in an AMEV Capital Fund and in an AMEV Growth Fund, valued around $35,000. The debtors also failed to schedule their interest in a McNeil Real Estate Fund valued around $10,000; they failed to schedule bank deposits at American Bank of Raytown with a balance of $3,813.12; and finally, the debtors failed to schedule some of the Mobil Wash business assets including trucks, office equipment, furnishings and supplies, and business machinery and equipment.

5. On page 1 of the debtors' petition, the debtors took an oath under penalty of perjury that they

... have read (1) the foregoing Petition, (2) Schedules "A" & "B" consisting of 18 sheets, and (3) Statement of Financial Affairs, each attached hereto, and certify that the statements therein contained are true and complete and that Schedules contain a statement of ALL the debts

and ALL the property of the debtors as required by law, to the best of my knowledge, information, and belief.

6. On January 24, 1986, creditor, John W. Cobb, objected to the debtors' discharge on several grounds. The matter came for trial on September 9 & 11, 1986.

7. At the trial, Earl Daniel Hadley testified that he discussed the bankruptcy with his attorney after the Mobil Wash business ran into financial difficulties. He testified that he was not aware the bankruptcy would include the personal assets. Albertine Gayle Hadley testified also that she thought the bankruptcy was only for the business. Furthermore, she testified that she did not participate in the operation of the business. She testified that she handled the personal finances with virtually no input from Mr. Hadley.

## CONCLUSIONS OF LAW

Creditor, John W. Cobb, objects to the discharge of the debtors pursuant to sections 727(a)(2), (a)(3), (a)(4), (a)(6).

A. CONCEALMENT UNDER § 727(a)(2)

██ Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless—

\*　\*　\*　\*　\*　\*

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

The purpose of this section is to prevent the discharge of a debtor who attempts to avert collection of his debts by concealing or otherwise disposing of assets. *In re Balch*, 25 B.R. 22, 24 (Bankr.N.D.Tx.1982).

██ The code requires the objecting party to prove the following four elements: (1) A concealment of property occurred; (2) the property was property of the debtor; (3) the concealment occurred within one year of filing of the petition; and (4) the concealment was done with the intent to hinder, delay, or defraud a creditor of the estate. *In re Kessler*, 51 B.R. 895, 898 (Bankr.D.Kan.1985). In this circuit, the objecting party need only prove fraudulent concealment by a preponderance of the evidence. *Farmers Co-op Association of Talmage, Kansas v. Strunk*, 671 F.2d 391, 395 (10th Cir.1982); and *In re Kessler*, 51 B.R. at 898. This Court finds that the creditor sustained his burden of proof.

██ The creditor established the first element, concealment of property. The failure to list the property is strong evidence of concealment. *See In re Kessler*, 51 B.R. 895, 898 (Bankr.D.Kan.1985). *See also*, 4 Collier on Bankruptcy § 727.02[2] (15th ed. 1986). The debtors failed to disclose several substantial assets on their bankruptcy schedules. The debtors failed to disclose their ownership interests in jointly held AMEV capital and growth mutual funds, McNeil Real Estate interests, bank accounts at American Bank of Raytown, and many of the commercial assets. The second element is also established. The property was property of the debtors.

Furthermore, the third element was met. The debtors failed to list the assets on their schedules. This Court can construe this as concealment both before and after the filing of the petition.

██ Finally, the creditor has proved the requisite intent by a preponderance of the evidence. Intent is difficult to actually demonstrate. However, actual intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct. *Farmers Co-op. Association of Talmage, Kansas v. Strunk*, 671 F.2d 391, 395 (10th Cir.1982); *In re Tuttle*, 15 B.R. 14 (Bankr.D.Kan.1981), aff'd 16 B.R. 470 (D.Kan.1981), aff'd 698 F.2d 414 (10th Cir. 1983).

The fact that the debtors left so many assets off the schedules is strong evidence of actual intent to conceal. Furthermore, the substantial worth of the assets is evidence. This Court is satisfied that the creditor proved that the debtors intended to hinder, delay, or defraud creditors.

The Court notes that the debtors have attempted to explain or rebut the creditor's evidence. The debtors' story is that they inadvertently failed to disclose personal assets because they thought the bankruptcy only included business assets. However, after having the opportunity to hear the debtors testify and to observe their demeanor, this Court does not believe the debtors' testimony. *See Volis v. Puritan Life Ins. Co.*, 548 F.2d 895, 901 (10th Cir. 1977). Furthermore, the schedules clearly disclose some personal assets as well as some of the Mobil Wash business. The debtors apparently knew that the bankruptcy included both types of assets. In the final analysis, the debtors failed to rebut the creditor's evidence.

### B. FALSE OATH OR ACCOUNT UNDER § 727(a)(4)(A).

■ Additionally, the Court finds that the above discussion of the concealment of the facts under § 727(a)(2) also justify denying the debtors' discharge for a false oath under § 727(a)(4)(A). *See In re Reagan*, 13 B.R. 588 (Bankr.E.D.Tenn.1981) (Omission of property from schedules may be both a false oath and concealment). Section 727(a)(2) states:

(a) The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

Two elements must be present under this section. First, the debtors must have knowingly and fraudulently made an oath. Second, the debtors' oath must relate to a material fact. *In re Ramos*, 8 B.R. 490, 494 (Bankr.W.D.Wis.1981). As under § 727(a)(2), the trustee's burden of proof is a preponderance of the evidence.

First, the false oath is readily apparent in this case. The debtors declared their schedules of property as true and correct. This Court has already ruled that the debtors intentionally omitted the property.

Second, the materiality requirement is easily met. The debtors left very substantial assets off the schedules including AMEV capital and growth mutual funds in the approximate value of $35,125.

As such, this Court also denies the debtors' discharge under section 727(a)(4)(A).

### C. OTHER COUNTS UNDER § 727(a)(3) & (a)(6).

This Court finds that the remaining counts are moot after deciding the first two counts. As such, this Court will not analyze the case under sections 727(a)(3) and (a)(6).

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 7052 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

### ORDER

Based on the Memorandum Opinion set out above, IT IS, BY THE COURT, ORDERED That the plaintiff's objection to discharge under 11 U.S.C. § 727(a)(2) and § 727(a)(4)(A) be and the same is hereby sustained.