In re Fred J. BRAUN, Debtor.

Leonard M. GROUPE,
Trustee, Plaintiff,

v.

Fred J. BRAUN, Defendant.

Bankruptcy No. 86 B 17884.
Adv. No. 87 A 904.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 10, 1989.

Leonard Groupe, Groupe & Katz, Chicago, Ill., for trustee, plaintiff.

Philip A. Creed, McCarthy & Levin, Chicago, Ill., for plaintiff.

Nicholas M. Spina, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This case is before the Court on the Chapter 7 Trustee's complaint objecting to discharge. The Trustee's objection, pursuant to sections 727(a)(2), (4) and (5) of the Bankruptcy Code, is based on the Debtor's alleged failure to schedule certain assets and to adequately explain diminution in asset values. The Trustee has moved for summary judgment. The Court finds that there are no genuine issues of material fact and concludes that the Debtor has failed to disclose certain assets and transactions with intent to hinder, delay or defraud the Trustee and has knowingly and fraudulently made a false oath. At best, the Debtor's actions demonstrate a reckless disregard for the accuracy and importance of the bankruptcy schedules and the statement of financial affairs. At worst, they constitute a fraudulent effort to hide assets from creditors. In either event, the Trustee's motion for summary judgment should and will be granted.

*The Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in the Bankruptcy Court by Bankruptcy Rule 7056, provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In 1986, the Supreme Court decided a trilogy of cases which encouraged the use of the summary judgment motion as a means to efficiently dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action' ").

The movant's initial burden is to show that there is no basis in the record for facts that might determine a result of the case in favor of the non-movant. *See Anderson,* 477 U.S. at 251, 106 S.Ct. at 2510, 91 L.Ed.2d at 214; Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183, 190 (1986). Such a showing would satisfy the movant's burden under Rule 56(c) that there are no genuine issues as to any material facts.

The Supreme Court has now specifically rejected the view that summary judgment will not be granted if there is a scintilla of evidence supporting the non-movant. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co.,* 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552. Instead, once the movant's initial burden is met, the non-movant must show that there is a genuine dispute as to a material fact. *Id.* Of course, all evidence must still be viewed most favorably to the non-movant. *Bartman v. Allis Chalmers Corp.,* 799 F.2d 311, 312 (7th Cir.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987).

*Facts*

The Trustee filed a six Count complaint objecting to discharge and a motion for summary judgment on five of the six Counts. Count I alleges that the Debtor deliberately understated the value of his

commercial real estate property. In 1985, the Debtor reported the property's value at $140,000 in a Chapter 11 case. But when the Debtor filed this Chapter 7 case on December 16, 1986, the Debtor listed the property's value at $115,000. An appraiser has valued the property at $165,000. The Trustee alleges that the Debtor's valuation constitutes a deliberate understatement in violation of section 727(a)(4)(A) of the Bankruptcy Code. The Trustee also contends that the Debtor has failed to adequately explain the decrease in value, thereby violating section 727(a)(5) of the Code.

Counts III, IV and V allege intentional concealment of property and false oath or account by the Debtor.[1] Count III alleges that the Debtor failed to schedule a $3,000 certificate of deposit held jointly in the names of the Debtor and his deceased aunt. Neither the statement of financial affairs nor the schedule of personal property reflects the Debtor's joint ownership of the certificate of deposit. In his response to the Trustee's motion for summary judgment the Debtor denies having sufficient knowledge with which to respond to the allegation that he jointly owned the C.D. with his deceased aunt. At the Debtor's deposition, however, he stated that he knew about the C.D. but thought that it belonged to his daughter and therefore did not disclose it's existence.

In addition, the Debtor failed to disclose a bank account at Westbrook Bank with a balance of approximately $1,000. That account is held jointly in the names of the Debtor and his deceased wife. The Debtor claims that he didn't disclose the existence of that account because he had an understanding with his wife that their children would have the money in that account.

Count IV alleges that the Debtor failed to disclose between ten and fifteen shares of Kraft Corporation common stock, which are in the name of the Debtor's deceased mother, but which are equitably owned by the Debtor. The Debtor's mother passed away in 1971. The Debtor has been receiving the dividends on the Kraft stock since that time and has cashed the dividend checks for his own use. Moreover, the Debtor has reported the dividend income on his federal income tax returns. The Debtor again explains his failure to disclose his equitable ownership of the common stock by stating that the shares are in his late mother's name, not his.

Count V alleges, and the Debtor admits, that the Debtor failed to report repayment of several loans within one year of filing his Chapter 7 petition; (1) The Debtor paid $18,518.67 to the Bank of Hillside on July 15, 1986 as a final payment on a note secured by a second mortgage on the Debtor's commercial real property; (2) the Debtor paid $17,288.67 on July 15, 1986 as a final payment on a note secured by his 1985 Cadillac automobile; and (3) the Debtor paid $10,000 to Mike Feebs in February, 1987 to repay a loan from Mr. Feebs made to the Debtor in mid–1985. The Debtor's only explanation for his failure to report the repayments on his statement of financial affairs is that he disclosed the repayments to the FSLIC and to the Plaintiff at the Debtor's deposition and that the original schedules have not yet been amended.

Finally, Count VI alleges that the Debtor failed to adequately explain the disposition of his one-third interest in VMF Pizzeria. The restaurant was sold in February, 1986 for $175,110, of which the Debtor was entitled to one-third. The Debtor's schedules and statement of financial affairs neglect to mention the sale or the interest in the restaurant. The Debtor has submitted a hand written, one page accounting that, he contends, sufficiently explains the disposition of his share of the sale proceeds. The Trustee contends that the explanation is inadequate and the Debtor's discharge should be denied pursuant to section 727(a)(5).

### *Concealment of Property and False Oath or Account Sections 727(a)(2) & (4)*

The Trustee contends that the Debtor's failure to disclose the certificate of deposit, the common stock and the bank account on

---

[1] The Trustee does not move for summary judgment on Count II of his complaint. Count II will therefore not be discussed in this memorandum opinion.

schedule B-2 or in the statement of financial affairs constitutes concealment of that property with intent to hinder, delay or defraud the creditors pursuant to Section 727(a)(2)(A). In addition, the Trustee claims that the Debtor's failure to schedule that property and his failure to disclose the loan repayments constitutes a false oath or account, barring discharge pursuant to Section 727(a)(4)(A).

The Trustee's objection to discharge under Section 727(a)(2)(A) will be sustained if the following elements are shown by clear and convincing evidence: 1) there has been a concealment 2) of property of the estate 3) within one year of the filing of the petition, and 4) the property was concealed with the intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. § 727(a)(2)(A); *In re Kessler,* 51 B.R. 895 (Bankr.D.Kan.1985); *In re Garcia,* 88 B.R. 695 (Bankr.E.D.Pa.1988).[2]

■ Actual intent to hinder, delay or defraud is necessary. However, intent may be proven by circumstantial evidence. *In re Morris,* 51 B.R. 462 (Bankr.E.D.Tenn. 1985), citing *Farmers Cooperative Association v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982). Since a debtor is unlikely to testify that his intent was fraudulent, circumstantial evidence may be introduced to show a pattern of wrongful behavior. *In re Devers,* 759 F.2d 751 (9th Cir.1985) (debtor who sold property after filing bankruptcy petition and co-mingled money earned from the sales with funds in an operating bank account was denied discharge). Fraudulent intent may also be proven by circumstantial evidence of reckless indifference to the accuracy of the bankruptcy schedules and the statement of financial affairs. *In re Cycle Accounting Services,* 43 B.R. 264, 273 (Bankr.E.D. Tenn.1984); (cumulative effect of several errors and omissions was tantamount to fraud by the debtor and sufficient to deny his discharge); *Kessler,* 51 B.R. 895 (Bankr.D.Kan.1985) (failure to list bank ac-counts constituted reckless disregard of the seriousness of the information and attention to accuracy and sufficient to bar discharge); *Garcia,* 88 B.R. at 706, (cumulative effect of numerous omissions sufficient to satisfy the objecting creditor's burden of proof for denial of discharge).

■ The evidence introduced by the Trustee/movant is sufficient to overcome his initial burden under section 727(a)(2). The unrebutted evidence shows that the Debtor concealed property by not disclosing assets. *See, Kessler,* 51 B.R. at 898 (failure to disclose bank account enough to satisfy the concealment requirement). The Trustee has also shown that the concealed property is property of the estate, since the certificate of deposit and the bank account are held jointly with rights of survivorship and the Debtor's co-owners on these assets are deceased. The common stock is property of the estate because it was owned by the Debtor's mother who died in 1971 with the Debtor as her only heir. Moreover, the Court is convinced that the pattern of omissions shows that the Debtor's failure to disclose the assets was done with at least a reckless disregard for the importance and accuracy of the schedules.

■ Additionally, the Court finds that the Trustee has met his initial burden under section 727(a)(4)(A). That section provides:

(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account ...

The Trustee must prove by clear and convincing evidence that the Debtor's oath was fraudulently and knowingly made, and the false oath related to a material fact. *Kessler,* 51 B.R. at 899; *Garcia,* 88 B.R. at 699. As under section 727(a)(2), the Debtor's fraudulent intent may be inferred from circumstantial evidence. *Id.* The Debtor made a false oath when he signed and

---

2. There is a split of authority as to the appropriate standard of proof for the intent element of a cause of action under sections 727(a)(2)(A) and 727(a)(4)(A). This Court will adhere to the clear and convincing standard. *See Garcia,* 695 B.R. at 701–02; *In re Mayo,* 94 B.R. 315 (Bankr. D.Vt.1988).

verified the bankruptcy schedules and the statement of financial affairs in which he failed to disclose assets and transactions that are pertinent to the Trustee's liquidation of the Debtor's estate.

In addition to the assets the Debtor failed to disclose, the Debtor also failed to report significant loan repayments he made shortly before he filed the bankruptcy petition. The Debtor made no attempt to explain his nondisclosure of these transactions except to state that he disclosed them at a later date to the FSLIC and to the Trustee at the Debtor's deposition. Subsequent disclosure by the debtor is not sufficient to overcome the allegations of false oath or account. *See Cycle Accounting Services,* 43 B.R. at 271 (subsequent disclosure on monthly statements not sufficient).

The Debtor has failed to offer any evidence that conflicts with the Trustee's evidence. Viewed in isolation, each omission from schedule B–2 or from the statement of financial affairs could have been motivated by an honest belief that the Debtor was required to report only assets held solely in his name. That explanation is not credible, however, since the Debtor's statement of financial affairs lists three bank accounts in which the Debtor's title is held jointly with other persons. Consequently, the Debtor's explanation that he believed the certificate of deposit, the common stock and the Westbrook bank account did not belong to him is insufficient to meet his burden. In addition, the Debtor offers no explanation for his failure to report the loan repayments made within one year before the filing of his bankruptcy petition. The Debtor has therefore introduced no evidence to contradict the Trustee's contention that he fraudulently concealed property and made false oaths or accounts.

Under the standards for summary judgment, once the Plaintiff/Trustee meets his initial burden of showing fraudulent intent on the part of the Debtor, it is incumbent upon the Debtor to proffer some evidence explaining the omissions from his schedule of personal property and his statement of financial affairs. *See First Texas Savings Association, Inc. v. Reed,* 700 F.2d 986, 992 (5th Cir.1983). The Court is aware that the statutory right to discharge is to be construed liberally in favor of the Debtor and strictly against the objecting creditor. Nevertheless, the evidence introduced by the Trustee in this case is sufficient to meet his initial burden and establish a prima facie case. The Debtor here has failed to rebut any of the evidence introduced by the Trustee. Summary judgment is therefore appropriate on this record.

In light of the foregoing, it is not necessary to discuss the Trustee's objection to discharge pursuant to section 727(a)(5). The Trustee's motion for summary judgment is granted and the Debtor's discharge is denied pursuant to sections 727(a)(2)(A) and 727(a)(4)(A).

An Order will be entered accordingly.