**MILL CREEK LUMBER & SUPPLY COMPANY, Plaintiff,**

v.

**James Michael STRIPLING, et al., Defendants.**

**No. 89–C–558–B.**

United States District Court, N.D. Oklahoma.

Dec. 5, 1990.

134

Steven M. Harris, Douglas R. Haughey, Tulsa, Okl., for plaintiff.

Steven Vincent, David K. Hoel, Tulsa, Okl., for defendants.

## ORDER

BRETT, District Judge.

Now before the Court is an appeal from a judgment of the Bankruptcy Court (dated June 15, 1989) denying the debtors James and Margaret Stripling a discharge. The Bankruptcy Court denied the discharges under 11 U.S.C. § 727(a)(2) & (a)(4) finding that the debtors knowingly and fraudulently made false oaths and that the debtors transferred and concealed assets with specific intent to hinder, delay and defraud appellee creditor, Mill Creek Lumber & Supply Company. Debtors now appeal.

The Bankruptcy Court made the following findings and conclusions:

a. The medical building was transferred to place it beyond the reach of creditors (Trial Tr. 252);

b. The formation of Quality Care Medical Center, Inc. was designed to place the earnings and assets of Dr. Stripling's medical practice beyond the reach of creditors (Id.);

c. The transfer of stock of Quality Care Medical Center, Inc. from Dr. Stripling to Dr. Trinidad (unknown to Dr. Trinidad) was to place the assets of Quality Care Medical Center, Inc. beyond the reach of Dr. Stripling's creditors (Id.);

d. The stated income of James Stripling was a material error (Id.);

e. Omitting the transfer of the medical building was a material omission (Trial Tr. 253);

f. The asserted termination of Dr. Stripling's sole proprietor practice when in fact she continued to practice as a sole proprietor was a material omission (Id.);

g. Omitting the transfer of stock of Quality Care Medical center, Inc. was a material omission (Id.);

h. Omitting the lawsuits where the Striplings were plaintiffs was a material omission (Trial Tr. 257).

█ Ten categories of circumstances which may deny a debtor's discharge in bankruptcy are described in 11 U.S.C. § 727(a). A discharge may be denied if a debtor transfers or conceals his property either after filing bankruptcy or within one year prior to filing bankruptcy. § 727(a)(2). Neither can it be disputed that a discharge may be denied where a debtor knowingly and fraudulently makes a false oath or account. § 727(a)(4). An omission of assets from a Statement of Affairs or schedule may constitute a false oath under section § 727(a)(4)(A). *In re Calder*, 907 F.2d 953 (10th Cir.1990) (citing *Farmers Co-op. Association v. Strunk*, 671 F.2d 391, 395 (10th Cir.1982)). To trigger § 727(a)(4)(A), the false oath must relate to a material matter and must be made willfully with intent to defraud. *In re Calder*, 907 F.2d at 955 (citing 4 *Collier on Bank-*

*ruptcy*, ¶ 727.04[1] at 727–54 to –57 (15th ed. 1987)).

The Tenth Circuit observed that "the problem in ascertaining whether a debtor acted with fraudulent intent is difficult because, ordinarily, the debtor will be the only person able to testify directly concerning his intent and he is unlikely to state that his intent was fraudulent. . . . Therefore, fraudulent intent may be deduced from the facts and circumstances of a case." *In re Calder*, 907 F.2d at 955–56 (citations omitted). Where a discharge is denied based upon § 727(a), "The bankruptcy court's ultimate determination concerning fraudulent intent will not be set aside unless clearly erroneous." *In re Calder*, 907 F.2d at 956.

*Transfer of the Office Building*

█ Appellants first attack the Bankruptcy Court's judgment asserting that before a transfer can be held fraudulent the transferred property must have some value. Since the debtors had no equity in the office building, the transfer of the building could not have been fraudulent. The Tenth Circuit addressed a similar argument in terms of omitted property, and found the argument to be specious. The *Calder* court held,

> [The debtor] has argued that he should not be denied a discharge of his debts because the undisclosed bank accounts and mineral interest were worthless assets. However, a 'recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted . . . information concerned a worthless business relationship or holding; such a defense is specious.'

*In re Calder*, 907 F.2d at 955 (quoting *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984)). Thus, if the omission of a worthless bank account or mineral interest may be fraudulent notwithstanding the worthless character of the asset, then applying the same reasoning, the transfer of an arguably worthless office building may be correctly held to be fraudulent if transferred with the requisite intent to hinder, delay, or defraud creditors. Appellants' argument on this point is unpersuasive.

■ Appellants next attack the Bankruptcy Court's conclusion that the failure to list the office building on their schedules was a material omission. The Striplings argue (without reference to the record) that the omission was "an honest and inadvertent error, committed by the attorney for the Debtors." The bankruptcy court found otherwise and Appellants have made no showing that the finding is clearly erroneous. Thus, this argument too, is without merit.

### Formation and Transfer of Quality Care Medical Center, Inc.

■ The Striplings next take issue with the Bankruptcy Court's finding that Quality Care Medical Center, Inc. was formed, and later transferred, with intent to hinder, delay, and defraud. Appellants claim that Quality Care Medical Center, Inc. was formed to enjoy some type of tax advantage. Appellants fail to identify support in the record for their explanation. The Bankruptcy Court observed that the corporation was formed after Appellants were sued by Appellee and a few days before Appellee obtained a judgment (Trial Tr. 246). Appellants also claim the stock was transferred to a physician associate of Stripling's (Dr. Trinidad) as incentive to remain with her in practice. The Bankruptcy Court found otherwise, noting that the stock transfer was accomplished without the knowledge of Dr. Trinidad (Trial Tr. 252), that no consideration was received for the transfer, and that the minutes of the Board of Directors meeting reflecting the transaction were a sham (Trial Tr. 246–248). In light of these contrary circumstances, it cannot be concluded that the Bankruptcy Court findings were clearly erroneous.

### Denial of Discharge Based on Acts of Spouse

■ James Stripling argues that the Bankruptcy Court should not have denied him a discharge because of the acts and omissions of his wife. The Bankruptcy Court, however, found that James and Margaret Stripling "were a team, a partnership, and what Dr. Stripling had was available to Mr. Stripling, and certainly what Mr. Stripling had was available to Dr. Stripling." (Trial Tr. 245.) Although Appellants assert that each had their own separate businesses, Appellants fail to identify supporting evidence in the record. Absent such a showing the Bankruptcy Court's findings must be considered correct.

### Estimated Income of Debtors

■ The Bankruptcy Court found that a material error was made in the scheduling of James Stripling's annual income ($35,000), and that the error was "misleading" and could "materially affect administration of the estate and the rights of creditors." (Trial Tr. 253.) Appellants assert that James' true income was closer to $19,000 and draw the unsupported conclusion that "to estimate Mr. Stripling's income high, can hardly impact creditors or the administration of the estate adversely." The positing as false without marshalling sufficient support from the record, that which the Bankruptcy Court has already found to be true, is no basis for reversing the judgment of the Bankruptcy Court. As that is all that Appellants have done here, this argument is also without merit.

### Omitted Lawsuits

■ The Appellants' final argument is that the omission from the schedules of four lawsuits in which Appellants were plaintiffs "had no appreciable effect on the assets of the parties [and] should be considered harmless error." The Bankruptcy Court, however, had a contrary opinion, "[t]he Court does single out and consider these lawsuits wherein the [Appellants] are Plaintiffs to be of substantial significance, and it is very important that these assets were in fact not listed on Schedule B–2 of the Bankruptcy Petition." (Trial Tr. 257.) Under the previously cited reasoning of *In re Calder*, even omitting "worthless" assets of a debtor is sufficient for the denial of a discharge under § 727(a). *In re Calder*, 907 F.2d at 955. Thus, Appellants' depiction of the omitted lawsuits as insignificant accounts receivable is hardly suffi-

cient to reverse the Bankruptcy Court's finding as clearly erroneous.

*Conclusion*

None of the Bankruptcy Court findings that Appellants take to task are clearly erroneous. While each separately could possibly support a denial under 11 U.S.C. § 727(a), taken together the decision of the Bankruptcy Court must be considered correct. Therefore, the Judgment of the Bankruptcy Court is, hereby, AFFIRMED.

SO ORDERED.