**In re Tommy CHAMBERS, Debtor.**

**Gary R. LORENZ, Linda Lorenz, Plaintiffs,**

v.

**Tommy CHAMBERS, Defendant.**

**Bankruptcy No. 3-82-02636.**
**Adv. No. 3-83-0004.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 27, 1984.

Alan W. Roles, Louisville, Ky., for plaintiffs.

Louis M. Nicoulin, Louisville, Ky., for defendant.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This adversary proceeding comes before the Court on the complaint against debtor under 11 U.S.C. § 727(a)(2). The debtor, prior to the filing of his petition, operated an automative repair business, doing business as C & M Diesel and Truck Repair, continuing said business venture up to the filing for relief on July 26, 1982. Plaintiff alleges the debtor transferred, removed and concealed property of the estate within one (1) year of the filing of his petition, and further failed to list certain accounts receivable due the business venture on the date of filing or the receipt of their payment postpetition.

A trial on the issues presented was held, at which time testimony of witnesses and documentary proof was given. Said trial revealed several accounts to be in question. In each instance work was performed prepetition. Said receivables were unlisted in the debtor's schedules and payment therefor was received post-petition. Plaintiff alleges said course of conduct demonstrates an intent by the debtor violative of 11 U.S.C. § 727(a)(2), which reads as follows:

(a) The court shall grant the debtor a discharge unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition. . . .

Of paramount issue was a receivable due from E & L Transport Company. The proof establishes that the debtor's father, prior to the filing of the petition, advanced

certain funds for the purchase of needed parts to complete the repairs; that said repairs were completed and invoiced April 5, 1982; and that said advances totaled approximately $3,000.00. On August 3, 1982, approximately ten (10) days after the filing of this petition, E & L Transport issued its check in the amount of $11,500.00 payable to C & M Diesel. Thereafter said remittance was altered on its face to reflect the payee as "C & M Diesel OR Curtis C. Chambers", the debtor's father, and with the knowledge and consent of the debtor was endorsed by Curtis C. Chambers, presented and honored for payment.

It is admitted debtor's father is a 78-year old gentleman retired over 16 years with no knowledge of debtor's business. He gave no directions and had no involvement in the work order in question, and his sole role was the advancement of approximately $3,000.00 for parts to complete the job. As such, he was at best an unsecured creditor of the debtor, and his receipt postpetition of the total sum of $11,500.00 covering this invoice resulted in a preference to the extent he was reimbursed for funds actually expended and was without consideration for the balance thereof. The entire course of dealing in this instance demonstrates an intent to deprive the debtor's creditors of funds to which they were entitled and a deliberate attempt to so mask the transaction by changing the payee's name to an insider as to show an intent to hinder, delay or defraud debtor's estate and creditors.

The testimony and proof further establish at least two other accounts which were likewise received postpetition and unlisted. In a request for admissions, debtor acknowledges receipt of $2,500.00 from the "Metcalf" account and approximately $450.00 from the "Short Line Transportation/Holsclaw" account. At no time prior to the institution of this complaint were these accounts receivable disclosed in the original schedules or by amendment. Further, on October 22, 1982, and subsequent to the receipt of the accounts receivable here in question, debtor filed an amendment listing an additional account receivable not previously disclosed but failed to disclose these previously omitted and postpetition collections of the accounts receivable at issue.

This Court has previously denoted that the intent requisite to preclude a discharge under 11 U.S.C. § 727(a)(2) must be an actual fraudulent intent as distinguished from constructive intent. See *In Re Waddle,* 29 B.R. 100 (Bkrtcy.W.D.Ky.1983). As noted in *Future Time, Inc. v. Yates,* 26 B.R. 1006 (D.C.M.D.Ga.1983), actual intent such as to hinder a creditor may be inferred from the debtor's actions. In addition, omissions of large sums of money by the debtor and his failure thereafter to promptly amend the schedules to reflect these omitted assets or the actual collection thereof is a "reckless indifference to the truth" which is equivalent of fraud for purposes of denying discharge when knowingly and fraudulently made. *In Re Nagarian,* 18 B.R. 143 (Bkrtcy.D.Md.1982).

If debtor was uncertain as to the need of inclusion of these accounts, it was incumbent that he disclose the transactions for such legal interpretations as may be warranted. Here, the completion of the work and the collection of the accounts thereof occurred in close proximity to the date of filing, and when collected were not included by amendment or the original schedules, and were so negotiated as to establish actual intent to cause said funds to be placed beyond the just claims of his creditors and the proper administration of this estate.

An additional issue presented was whether the debtor transferred estate assets within one (1) year prior to the filing of his petition. The documentary evidence establishes that on April 9, 1981, and more than one (1) year before the filing, a 1974 Chevrolet "show car" was transferred to a close friend of the debtor. Some evidence was given that said transfer was in fact a subterfuge, that said show car was at all times thereafter under his care and control with all expenses related thereto paid by the debtor. While the evidence in this respect was controverted, said transfer occurred more than one (1) year prior to the filing of the petition, and giving due weight to the credibility of the evidence presented, it is

the opinion of the Court that plaintiffs have failed to sustain their requisite burden of proof on this issue. The Court is not unmindful that transfers prior to one year of the filing in appropriate circumstances may constitute a continuing concealment. *In Re Haddad,* 10 B.R. 276 (Bkrtcy.D.Nev.1978); *Matter of Kauffman,* 675 F.2d 127 (7th Cir.1981).

Accordingly, it is the opinion of the Court the debtor here has failed to disclose assets comprising a part of the estate and the actual collection thereof postpetition, and that said actions were knowingly made with actual intent thereof to hinder, delay or defraud the creditors pursuant to 11 U.S.C. § 727(a)(2), and that said actions by the debtor be and they are deemed sufficient to deny discharge of the debtor.

A separate order will be entered this date revoking the discharge previously granted by this Court on November 23, 1982, and filed of record on November 29, 1982.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure.