In re Charles A. GOODMAN, Debtor.

**MASSEY FERGUSON CREDIT CORPORATION, Plaintiff,**

v.

**Charles A. GOODMAN, Defendant.**

**Bankruptcy No. 3–82–01959.**
**Adv. No. 3–83–0002.**

United States Bankruptcy Court,
W.D. Kentucky.

April 2, 1984.

Glay E. Maggard, Munfordville, Ky., for plaintiff.

Nick L. Pearl, Radcliff, Ky., for defendant.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

Plaintiff, Massey Ferguson Credit Corporation, filed objection to discharge pursuant to 11 U.S.C. § 727 of a $1,807.87 obligation remaining on an installment sales contract executed by debtor, Charles A. Goodman, for equipment purchased from Pedigo Tractor and Implement Company, said contract rights thereafter assigned to plaintiff.

The parties agreed to submit the issue of dischargeability for judicial determination on the following facts as stipulated and as found by the Court from documentation of record.

## FINDINGS OF FACT

Charles A. Goodman, debtor, purchased farm equipment from Pedigo Tractor and Implement Company (hereinafter "Pedigo"). As evidence of the sale agreement, debtor executed an installment contract requiring debtor to pay the balance of his indebtedness in three (3) annual installments of $1,672.22, beginning in 1979. The promissory note was secured by debtor's interests in certain farm equipment.[1] The note and security were thereafter assigned by Pedigo to Massey Ferguson Credit Corporation who properly perfected its interest therein.

With income derived from farming operations, debtor timely tendered the first payment in accordance with the installment plan. Soon thereafter, a state court proceeding dissolving debtor's marriage rendered debtor liable to his former spouse for $28,000 cash settlement. Debtor, forced to conduct a sale of personalty to extinguish loans extended to him by the First Hardin National Bank and Bank of Clarkson, made request of Pedigo to sell the encumbered collateral. Pedigo conceded to debtor's sale of collateral securing Pedigo's interest which had been assigned to Massey Ferguson contingent on application of proceeds to the obligation remaining on the installment contract.

Auction of debtor's property was advertised in four counties and sale consummated on November 1, 1980. The encumbered collateral was converted to cash proceeds of $2,890.00.

Debtor applied all yield from property auctioned to debts owed First National Bank and Bank of Clarkson. Approximately one year subsequent to the auction, debtor borrowed funds from the Bank of Clark-

---

1. The promissory note was secured by debtor's interests in a Massey Ferguson tractor, Hardy cultivator, Burch disc, Ford grader blade, Holland tobacco setter and Ford plow.

son to make the second payment to plaintiff which had then become due and owing on the installment contract. Debtor, unable to provide final payment on the installment loan, filed on September 7, 1982, a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. On January 4, 1983, Massey Ferguson, an interested party as assignee of contract rights, filed objection to discharge of $1,807.87 plus interest owing by debtor. Judicial resolution of the essential question of dischargeability of debtor's final payment to Massey Ferguson Credit Association pursuant to 11 U.S.C. § 727 ensues.

## CONCLUSIONS OF LAW

In objecting to discharge, plaintiff relies upon 11 U.S.C. § 727 which states in relevant part:

> (a) The Court shall grant the debtor a discharge, unless—
>
> \*  \*  \*  \*  \*  \*
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of filing of the petition; or
>
> (B) property of the estate, after the date of the filing of the petition;
>
> \*  \*  \*  \*  \*  \*
>
> (5) the debtor has failed to explain satisfactorily before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities....

■ To fall within the purview of Section 727(a)(2)(A), debtor must have transferred or concealed his property within one year of the filing in bankruptcy.[2] Facts stipulated by the parties establish that auction of the collateral occurred on or about No-

vember 1, 1980, nearly two years prior to debtor's petitioning for relief on September 7, 1982. Since plaintiff bears the burden of proving claims alleged and to which debtor has made objection, the Court finds that plaintiff failed to adduce proof of transfers of property within the one-year period required by 11 U.S.C. § 727(a)(2)(A) for a finding of nondischargeability pursuant thereto.

■ The Court further finds 11 U.S.C. § 727(a)(2)(B) inapplicable since debtor's interest in equipment was extinguished when sold at auction nearly two years hence; property unowned by debtor is incapable of constituting property of the debtor or the estate in bankruptcy.

■ 11 U.S.C. § 727(a)(1) and (2) also require proof by plaintiff that debtor acted with intent to hinder, delay, or defraud creditor. The Court has previously denoted that the requisite intent to preclude discharge by means of 11 U.S.C. § 727(a)(2) must be actual, not constructive, fraudulent intent. *In re Waddle*, 29 B.R. 100 (Bkrtcy.W.D.Ky.1983); *In re Chambers*, 36 B.R. 791 (Bkrtcy.W.D.Ky.1984).

No actual intent to defraud was projected by debtor herein. The sale was publicly advertised in four counties, and debtor received permission to sell the encumbered property from plaintiff's representative, Pedigo. Although debtor applied all proceeds from sale of personalty to debts owing two banks, debtor borrowed sufficient funds from one bank when needed to make the second payment to plaintiff due nearly one year subsequent to the auction. Massey Ferguson accepted the second payment according to terms of the initial agreement between debtor and Pedigo and made no effort to accelerate the debt or collect in full until debtor was unable to make the third and final payment. These facts indicate to the Court that debtor had no actual intent to defraud creditor merely because

---

**2.** Although a discharge can be avoided if an intentional concealment was effected prior to one year before the filing of the petition and was an act of continuing concealment, plaintiff

neither pleaded nor offered proof of same. See *In re Chambers*, 36 B.R. 791 (Bkrtcy.W.D.Ky. 1984).

debts owed to the bank were reduced by sale proceeds and funds borrowed only when needed for second payment to Massey Ferguson nearly a year following the auction. Further, facts herein illustrate that Massey Ferguson continued to rely upon debtor's payment pursuant to installment terms which differed from oral modifications of contract terms by debtor and Pedigo. Plaintiff has thus failed to prove debtor's actual intent to defraud Massey Ferguson as required by 11 U.S.C. § 727(a)(2).

Further, plaintiff has argued debtor's failure to explain satisfactorily, before determination of denial of discharge, the deficiency of assets to meet debtor's liabilities which would result in a finding of nondischargeability pursuant to 11 U.S.C. § 727(a)(5). The facts stated above clearly denote that debtor's assets were necessarily sold to satisfy the state court judgment ordering debtor to pay $28,000 to his former spouse. These facts were ostensibly revealed to plaintiff's representative, Pedigo, when debtor requested a sale of the encumbered property, and said facts reiterated in debtor's answer, deposition, and stipulation of facts filed of record. Schedules of debtor's assets and liabilities evidence debtor's deficiency of assets in conjunction with liabilities incurred. The Court thus holds that debtor sufficiently explained the loss or deficiency of assets to overcome plaintiff's contrary claim pursuant to 11 U.S.C. § 727(a)(5).

This memorandum opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 2nd day of April, 1984.