In re Joseph C. ZAHNEIS, Debtor.

Albert J. SCHUHOLZ, Jr., Plaintiff,

v.

Joseph C. ZAHNEIS, Defendant.

Bankruptcy No. 1–86–02090.
Adv. No. 1–86–0217.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 30, 1987.

**202**

Steven E. Simon, Cincinnati, Ohio, for plaintiff.

M. Joseph Kisor, Cincinnati, Ohio, for debtor.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff in this adversary proceeding is a creditor of defendant/debtor. In his complaint, plaintiff seeks denial of discharge of defendant on grounds that defendant knowingly and fraudulently made a false oath or account, a ground appearing at 11 U.S.C. § 727(a)(4)(A) for denial of discharge. The complaint more specifically states that debtor failed to identify in his schedules non-exempt assets of the estate on the date of the bankruptcy filing, consisting of real estate commissions for properties where contracts of sale were entered into, but the transaction had not yet closed, and commission was not paid until the time of closing.

The proceeding came on for trial. At that time, counsel for the parties stipulated that defendant owes plaintiff approximate-

ly $18,000.00; that this is the subject of a judgment entered in favor of plaintiff against defendant and others in the Hamilton County Court of Common Pleas on May 5, 1978 (this judgment being for $8,800.00 plus interest and costs); and that commissions due and a list of sales were not disclosed in defendant's bankruptcy petition. In addition to the foregoing, plaintiff offered the deposition of Dan Aug in evidence together with the exhibits attached thereto. There being no objection by defendant, the deposition was made part of the record in its entirety. The only other evidence in the case was the testimony by defendant.

Defendant was called as on cross-examination by the plaintiff, and also testified in his own case. Defendant is a real estate agent whose status is that of an independent contractor with Coldwell-Bankers, a relationship he has had for some three years. He is paid a commission when a transaction closes, and the commission is based on the selling price. The Aug deposition establishes that defendant was in fact entitled to certain commissions on transactions entered into prior to the time that he filed his bankruptcy case though such commissions were not paid until after the date of filing because the transactions did not close until then. Defendant did not list these commissions in his bankruptcy schedules as assets. Defendant testified that he swore that his schedules were correct. It is this oath of defendant, though commissions owed were not listed in his schedules, upon which plaintiff grounds his complaint. Defendant filed his bankruptcy case June 24, 1986. The evidence was really uncontested that at the time of filing defendant had earned $6,000.00 in commissions where contracts of sale had been entered into before the bankruptcy filing but closed afterwards. In addition, some $4,000.00 in commissions would be payable to defendant from listing contracts he had obtained. Defendant in fact received commissions of $3,200.00 after his bankruptcy filing.

An order was entered June 16, 1986 in state court whereby plaintiff obtained an

order of garnishment on defendant's commission on sales of three parcels of real estate scheduled to close on or about June 30, 1986. The garnishment was served on defendant's employer on June 17, 1986.

■ The relevant statutory provision is 11 U.S.C. § 727(a)(4)(A):

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

\*　\*　\*　\*　\*　\*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

\*　\*　\*　\*　\*　\*

Bankruptcy Rule 4005 provides that the plaintiff at a trial on a complaint objecting to discharge has the burden of proving his objection. He must prove that the statement or omission which was the subject of the oath was known by the debtor to be false and was made willfully with intent to defraud. The requisite intent may be inferred from the facts, and a reckless disregard by the debtor in presenting his answers may be sufficient to meet the statutory test. *4 Collier on Bankruptcy* (15th Ed.) p. 727-54 to -56; *In re Gonday*, 27 B.R. 428 (Bankr.M.D.La.1983); *In re Mazzola*, 4 B.R. 179 (Bankr.Mass.1980); *In re Shapiro*, 59 B.R. 844 (Bankr.E.D.N.Y. 1986). The false oath must relate to a material matter. *4 Collier on Bankruptcy* (15th Ed.) p. 727-57.

■ We have no doubt that the commissions not paid to defendant until after the bankruptcy filing, but which were the subject of contracts of sale entered into before the filing, were property of the estate which should have been disclosed in the bankruptcy schedules, but were not. 11 U.S.C. § 541(a)(1) and (6); *In re Ryerson*, 739 F.2d 1423 (9th Cir.1984); *In re Devoe*, 5 B.R. 618 (Bankr.N.D.Ohio 1980); *In re Gagne*, 16 B.R. 24 (Bankr.N.D.Ohio 1981). In the present case, plaintiff established that there was no reference in debtor's schedules to real estate commissions due defendant, which, indeed, he collected subsequent to filing the bankruptcy case. It is now not contested that the real estate commissions in question were property of the estate, nor does defendant now contend that they should not have been listed in his schedules. When defendant then swore to the truth and correctness of his bankruptcy schedules, clearly he made a false oath, so that this element of plaintiff's case is proved. What remains at issue is whether the false oath was knowingly and fraudulently made.

From the evidence here presented, we think that the following scenario fits the evidence. The issuance of the state court garnishment order a week before the bankruptcy filing makes it impossible to conclude that there was not a causal connection between them. The only logical reason why the garnishment stimulated the bankruptcy is that defendant believed that thereby he could discharge plaintiff's debt and believed further that he then could pocket the commissions free of the claims of creditors because the commissions would not be paid until after the bankruptcy filing. That plaintiff's vigorous pursuit of assets to satisfy his debt led to defendant's conduct in this respect is reinforced by the fact that defendant's unsecured debts were relatively minor by comparison to that owed plaintiff. Defendant likely could have managed the other debts without bankruptcy. The satisfaction of plaintiff's debt, however, would be a substantial burden for defendant.

Central to the course of conduct just depicted would be the belief on the part of defendant that the commissions, not yet being in hand at the time the bankruptcy was filed, did not figure in the bankruptcy. It would be fair to infer that because of this belief, defendant did not list the forthcoming commissions in his bankruptcy schedules. Defendant, as the authorities we have cited above show, was mistaken in his belief, for such commissions, earned before filing bankruptcy, though not yet paid do comprise property of the estate.

■ Defendant disputes the foregoing scenario. He testified that it was not he who omitted the commissions from his schedules, but his attorney, for, he testified, he told his attorney about them. We

are not persuaded that this is what happened for the following reason. Defendant did not present any corroborating testimony by the attorney in question that, first, defendant did indeed disclose to him the omitted information and, second, that he advised defendant that it was not necessary to list that information in his petition. Nor was there any showing that the attorney was unavailable. This court can only attach the usual inference to this omission in the evidence. We conclude, therefore, that this is not a case like *In re Shebel*, 54 B.R. 199 (Bankr.Vt.1985), where debtor can successfully defend on grounds that he acted on advice of counsel. To deal with the question of whether the false oath was knowingly and fraudulently made, we must assess the foregoing findings that we have made. This is not a case where discharge was denied on grounds of an intentionally wrongful concealment of information, as *In re Gonday*, 27 B.R. 428 (Bankr.M.D.La. 1983) (debtor made misrepresentations with knowledge that they were not correct), or *In re Diodati*, 9 B.R. 804 (Bankr.Mass. 1981) (debtor denied under oath existence of facts that debtor knew existed). Instead, here defendant omitted reference in his bankruptcy schedules to his forthcoming commissions because he was mistaken as to the law; he thought they were not property of the estate and believed he had a right not to disclose them. We hold this to be a knowing and fraudulent act, taken in reckless disregard for what was required of him, the truth. *In re Chambers*, 36 B.R. 791, 793 (Bankr.W.D.Ky.1984); *In re Gugliada*, 20 B.R. 524, 533 (Bankr.S.D.N.Y.1982). The failure to secure legal advice on the point constituted such reckless disregard of the truth by defendant.

Accordingly, we conclude that plaintiff has sustained his burden of proof in this case. Defendant will be denied a discharge.