In re Charles A. WARD.

**Frank VAIRO and William J. Nichols, Plaintiffs,**

**v.**

**Charles A. WARD, Defendant.**

**Bankruptcy No. LR 87–1901 S. Adv. No. 87–713.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 12, 1988.

Steven Napper, Little Rock, Ark., for Frank Vairo and William J. Nichols, plaintiffs.

Robert Irwin, Russellville, Ark., for Charles Ward, debtor.

Richard Smith, Little Rock, Ark., trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Complaint objecting to the debtor's discharge filed pursuant to 11 U.S.C. § 727(a)(4)(A) and § 727(a)(4)(B). The matter came on for trial February 4, 1988. The Plaintiff appeared by counsel, Steven Napper, Esq. The debtor appeared personally and by counsel, Robert E. Irwin, Esq.,

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 157. Moreover, the Court finds that the matter before it is a "core matter" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(I).

After hearing statements of counsel, reviewing the files and records as well as all exhibits received by stipulation between the parties and hearing testimony, the Court finds that the debtor's discharge should be denied.

The evidence revealed that the debtor omitted or misrepresented the following information on his Chapter 7 schedules and statement of affair, signed under oath and submitted to the Court with his petition for relief October 5, 1987:

(1) Debtor's ownership interest in Lots 5, 6, 7 and 8 in block 39, Mary A. Russell's Addition to the City of Russellville, Arkansas.

(2) Debtor's equity interest in a certain four-plex apartment building located in Kansas City, Missouri. On October 5, 1987, the Defendant listed in his petition only one secured debt of $165,000.00 owed to Tomahawk Mortgage Company. Evidence revealed, however, that on June 1, 1987, the Defendant owed Tomahawk only $132,021.77. Testimony at the trial also revealed that there is a second mortgage on the same property in the amount of $16,000 which was undisclosed in the petition.

(3) Debtor substantially misrepresented in the petition his yearly income from Trans World Airlines for 1986 and 1987.

(4) Debtor failed to disclose in his petition at least three (3) bank accounts which he holds for either personal or business use.

(5) Debtor failed to disclose in the petition the rental income he is receiving from the four-plex apartment building in Kansas City, Missouri in the approximate amount of $1,300.00 per month.

(6) Debtor failed to disclose in the petition the employee benefits he is entitled to receive from Trans World Airlines.

(7) Debtor failed to disclose in the petition that he was entitled to receive a $6,469.96 refund from his 1986 Federal Income Tax Return and $633.63 from his 1986 State of Missouri Income Tax Return,

said late returns having been filed pursuant to extension only seven weeks before his chapter 7 petition was filed.

(8) Debtor failed to disclose in the petition his savings account with TWA Credit Union. Testimony also revealed that debtor may owe a debt to the credit union, but the credit union is not listed as a creditor.

(9) Debtor failed to disclose that he received $3,172.00 in interest income from his TWA Credit Union account in 1986.

■ Denial of discharge in bankruptcy, if grounds exist, is within the discretion of the Court. *In re Brown*, 314 F.Supp. 947 (W.D.Ark.1970), affirmed 444 F.2d 49 (8th Cir.1971). The Court concludes that ample evidence has been presented which supports a determination that this Chapter 7 debtor, who failed to list multiple assets in his original sworn schedule of assets and who failed to list corresponding debts which would have led a vigilant trustee and/or creditors to the unlisted assets, "exhibited the reckless indifference to truth which has consistently been treated as the functional equivalent of fraud for purposes of denial of discharge for false oath or account." *In re Tully*, 818 F.2d 106 (1st Cir.1987).

■ The initial burden of proving by a preponderance of evidence those facts required to establish that the debtor should be denied a discharge must be met by the party objecting to the debtor's discharge. Once this burden is met with proof that debtor committed any of the prohibited acts, debtor then has the burden of coming forward with evidence to explain his conduct. *In re Locke*, 50 B.R. 443 (Bkrtcy.E. D.Ark.1985). *Bankruptcy Rules of Procedure*, Rule 4005. Here the debtor admitted the information in his petition was inaccurate. He, in no way, gave any credible, must less consistent, explanation for the multiple discrepancies. Rather, the evidence reveals that the debtor only offered the information when confronted by this creditor with questions at the first meeting of creditors. The Court has considered the debtor's reasons for the multiple omissions and/or misrepresentations on the petition and finds them wanting and, by and large, only suspect self-serving statements.

This Court in denying debtor's discharge concurs with the conclusions of the First Circuit in the *Tully* case, *supra*, which stated pertinently at 110:

... the very purpose of certain sections of the law, like 11 U.S.C. § 727(a)(4)(A), is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs. The statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." *[In re] Mascolo*, 505 F.2d [274] at 278 [1st Cir.1974]. Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight. [citations omitted]

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Complaint Objecting to Discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and § 727(a)(4)(B) be and hereby is granted and the debtor's discharge denied.

IT IS SO ORDERED.