In re John E. McNAMARA, aka John Ewald McNamara, Jack McNamara, Jack E. McNamara, Debtor.

NATIONAL CITY BANK, MARION, Plaintiff,

v.

John E. McNAMARA, John Ewald McNamara, Jack McNamara, Jack E. McNamara, Defendant.

Bankruptcy No. 85–00953.
Adv. No. 85–0334.

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 10, 1988.

Allan D. Dobnicker, Lima, Ohio, Trustee.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEBTOR'S DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon plaintiff's motion for summary judgment upon its amended complaint against Debtor/defendant to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a). Upon consideration thereof, the court finds that plaintiff's motion for summary judgment should be granted and that Debtor's discharge should be denied.

### FACTS

Debtor/defendant (hereinafter Debtor), on June 25, 1985, filed his voluntary petition under chapter 7 of title 11. On December 13, 1985, plaintiff, a creditor of Debtor, filed a complaint against Debtor requesting that the court deny Debtor's discharge. Plaintiff, by court order, was subsequently permitted to amend its complaint. See Order Denying Motion for Protective Order at 3 (March 18, 1986). On September 22, 1986, plaintiff filed the instant amended complaint to deny discharge.

Plaintiff, in its first claim for relief, contends that Debtor, with intent to hinder, delay and defraud his creditors, transferred, removed and concealed property of Debtor or of the estate. Plaintiff, in its second claim for relief alleges that Debtor has concealed or has failed to keep recorded information from which Debtor's financial condition or business transactions might be ascertained. Plaintiff, in its third claim for relief, states that Debtor knowingly and fraudulently made a false oath in connection with his case. Plaintiff, in its fourth claim for relief, asserts that Debtor has failed to explain satisfactorily the loss of assets or deficiency of assets. Plaintiff, in its fifth claim for relief, opines that Debtor committed these same acts with regard to another bankruptcy case. Debtor, in answering plaintiff's amended com-

Joseph D. Shibley, Toledo, Ohio, for plaintiff.

John E. McNamara, Marion, Ohio, debtor.

plaint, denies the allegations in each claim for relief. Debtor asserts as his defenses that plaintiff's fourth and fifth claim fail to state a claim upon which relief can be granted; that plaintiff's claims are barred by the doctrine of waiver and promissory estoppel; and that plaintiff has sufficient information to explain the dimunition of Debtor's assets. Answer of Defendant, John E. McNamara (October 10, 1986).

On June 21, 1988, plaintiff filed its motion for summary judgment seeking judgment on all claims asserted in its complaint. To date, Debtor has failed to respond to said motion.

### DISCUSSION

Bankruptcy Rule 7056 makes Rule 56 Fed.R.Civ.P. applicable to the instant motion. Thus, summary judgment shall be granted if—

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). Furthermore,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Therefore, because plaintiff has supported its motion for summary judgment by an affidavit, depositions, and other documents, Debtor may not rest on the defenses and denials in his pleadings. See 10 *Wright & Miller* § 2712 at 582 (2d ed. 1983). Unless Debtor opposes plaintiff's motion through affidavits or other evidence, plaintiff is entitled to summary judgment, if appropriate. Summary judgment is proper when there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Bankruptcy Rule 4005 provides "[a]t the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection." Although plaintiff has the ultimate burden of persuasion, Debtor must come forward with rebuttal evidence after plaintiff has produced sufficient evidence establishing a prima facie case for denial of Debtor's discharge. *In Re Devers*, 759 F.2d 751 (9th Cir.1985). *See also* 4 *Collier on Bankruptcy* ¶ 727.08 at 727–73 (15th ed. 1988). The court will discuss separately each claim for relief asserted in plaintiff's complaint.

### First Claim for Relief

■ Plaintiff's first claim for relief is governed by 11 U.S.C. § 727(a)(2). That section states:

> (a) The court shall grant the debtor a discharge, unless—
>
>    \*     \*     \*     \*     \*     \*
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or
>
> (B) property of the estate after the date of the filing of the petition.

"The purpose of this section is to prevent the discharge of a debtor who attempts to avert collection of his debts by concealing or otherwise disposing of assets." *In Re Kessler*, 51 B.R. 895, 898 (Bkrtcy.D.Kan. 1985) (citation omitted). Plaintiff, in order to sustain its objection to discharge, must demonstrate:

1. that a concealment of property has occurred;

2. that the property was property of the estate;

3. that the act complained of was done within one year of the filing of the petition;

4. that the concealment was done with the intent to hinder, delay or defraud a creditor of the estate.

*Id. See also* 4 *Collier on Bankruptcy* ¶ 727.02 at 727–10 (15th ed. 1988). In determining whether Debtor acted with the intent to hinder, delay or defraud, the court may infer fraudulent intent by circumstantial evidence. *Farmers Co–Op. Ass'n of Talmage, Kan. v. Strunk*, 671 F.2d 391 (10th Cir.1982); *McCormick v. Security State Bank*, 822 F.2d 806, 808 (8th Cir. 1987)(intent may be presumed from circumstances surrounding the transaction)(citation omitted); *Devers*, 759 F.2d at 754 (court may deduce fraudulent intent from all the facts and circumstances of a case)(citation omitted). Furthermore, "courts have developed badges of fraud to establish the requisite actual intent to defraud" including:

1. the lack or inadequacy of consideration;

2. the family, friendship or close associate relationship between the parties;

3. the retention of possession, benefit or use of the property in question;

4. the financial condition of the party sought to be charged both before and after the transaction in question;

5. the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring debt, onset of financial difficulties, or pendency or threat of suits by creditors; and

6. the general chronology of events and transactions under inquiry.

*In Re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983). Lastly,

[w]hen a debtor admits that he acted with the intent penalized by section 727(a)(2)(A), there is no need for the court to rely on circumstantial evidence or inferences in determining whether the Debtor had the requisite intent.

*In Re Adeeb*, 787 F.2d 1339, 1343 (9th Cir.1986).

Plaintiff, in its complaint, alleges that Debtor concealed property consisting of:

1. real estate at 1025 Virginia, Marion County, Ohio held in the name of Debtor's wife;

2. money held in financial institutions in the names of Debtor's wife and children;

3. sale proceeds from corporations controlled by Debtor;

4. sale proceeds of a condominium in Florida;

5. other monies held by unknown individuals.

Amended Complaint to Deny Discharge at 2–3 (September 22, 1986).

■ Debtor testified, at his deposition, that he kept approximately $70,000 in $100 bills in his closet at home in order to keep it from his creditors and to purchase a house at 1025 Virginia Avenue. Deposition of John E. McNamara of July 30, 1986 at 68–69, 76, 93 (September 23, 1986)(hereinafter Debtor's Deposition). Debtor, in 1982, took this money to his brother-in-law, Richard J. King, and sister-in-law, Barbara L. King, and asked them to purchase this residence for him. *Id.* at 69–77, 90, 93; Deposition of Barbara L. King of November 17, 1986 at 6 (January 28, 1987)(hereinafter Barbara's Deposition); Deposition of Richard J. King of November 17, 1986 at 28 (January 28, 1987)(hereinafter Richard's Deposition). Mr. King stated that Debtor indicated that it was necessary for Mr. King to hold money for Debtor. Richard's Deposition at 22; Barbara's Deposition at 6–7. Debtor gave Mr. King money from June or July of 1982 through the closing of the purchase of this residence. Richard's Deposition at 13, 16, 18, 20, 26, 27. Debtor made this request of the Kings as he knew he could not put the house in his name. Debtor's Deposition at 70. The closing of this sale was March 26, 1983. Debtor's Deposition at 84. The Kings purchased this home with the understanding that they would transfer it later to Debtor. Barbara's Deposition at 12. Richard's Deposition at 29.

Debtor currently lives at this residence and has since 1983. Debtor's Deposition at 4–5. Debtor, who has been the sole source of income for his family since 1985, paid the mortgage payments and assumed all

responsibilities attendant to owning this real estate. Debtor's Deposition at 6–7, 83, 91, 93. The Kings, on April 11, 1984, transferred this real estate to Debtor's wife for no consideration as the original down payment belonged to and the monthly payments were paid by Debtor. Richard's Deposition at 36–38, 62, 66–67. See also Debtor's Deposition at 90. The "purchase, and subsequent ownership status, of the [residence] constituted [a] continuing concealment of Debtor's assets." *In Re Martin*, 698 F.2d 883, 887 (7th Cir.1983).

Debtor admitted that he concealed the $70,000 in his closet in order to keep it from his creditors and that he asked the Kings to purchase the Virginia Avenue residence in their name as he could not put the house in his own name. The money or residence would have been property of the estate as defined in 11 U.S.C. § 541 as representing a legal or equitable interest in property as of the commencement of the case. Debtor failed to disclose any interest in this real estate in his petition. The money, originally given to the Kings in 1982, was used to purchase the residence which was later transferred to Debtor's wife. Lastly, because Debtor admits that he acted to avert collection by his creditors or to conceal the money from them, Debtor acted with the requisite intent required by § 727(a)(2)(A).

In *Martin, supra,* Debtor transferred funds to his father for the purchase of a condominium for Debtor's occupancy. *Id.* at 885–86. Debtor paid the mortgage and attendant charges associated with ownership of the condominium. *Id.* at 885. In considering § 727(a)(5) and (3), the *Martin* court stated that:

> "[t]he transfer of title with attendant circumstances indicating that the bankrupt continues to use the property is sufficient to constitute a concealment." The creditor's proof as to the debtor's actions, while perhaps insufficient to satisfy the ultimate burden of persuasion in the face of a credible explanation by the debtor, is sufficient in this case to shift to the debtor an obligation to come forward with such an explanation of his actions. Unless and until the debtor

could provide such a credible explanation, a discharge should have been denied under the continuing concealment provisions of section 727(a)(3).

*Id.* at 887 (citations omitted).

*Kaiser, supra,* also presents a factual situation analogous to the instant adversary. Debtor and his wife lived in a residence owned by Debtor's wife's parents. *Kaiser,* 722 F.2d at 1575. Debtor paid the mortgage charges and, after paying his wife's parents $12,000, requested that the house be transferred to his daughter. *Id.* The property was subsequently sold and Debtor's wife then took title to other residential property. *Id.* The down payment for this second real estate transaction and mortgage and maintenance charges were provided from Debtor's funds from accounts of corporations Debtor alone created and funded. *Id.* at 1575–76. Debtor exercised full dominion and control over the property. *Id.* Debtor, in his petition, failed to list his obligation on the mortgage. *Id.* at 1576. The court in denying Debtor's discharge stated that:

> [t]he transfer of property by the debtor to his spouse while insolvent, while retaining the use and enjoyment of the property, is a classic badge of fraud.
>
> \*     \*     \*     \*     \*     \*
>
> [Debtor] purchased two homes with his own money, but had title to both placed in the name of his wife who provided no consideration for these transfers.

*Id.* at 1583.

Plaintiff has set forth sufficient facts establishing a prima facie case of Debtor's intentional concealment of his interest in the Virginia Avenue real estate to which Debtor has failed to respond or rebut. The court finds, then, that plaintiff's first claim for relief is well taken.

■ Plaintiff also contends that Debtor concealed other monies and assets. Pursuant to the affidavit of Rayda Jones, formerly an assistant vice president and loan officer of plaintiff corporation, a tractor, in which plaintiff held a security interest, was sold by Debtor and the proceeds paid to

Debtor's son, King McNamara. Plaintiff's Motion for Summary Judgment, Affidavit and Attachment (June 21, 1988). (King was 14 years old at that time. See Debtor's Deposition at 115.) Debtor also stated that he used his children's bank accounts for household money. Debtor's Deposition at 89. It appears that Debtor had money held in the names of at least one of his children and that he concealed these funds. Ms. Jones also stated that she inventoried Debtor's livestock, in which plaintiff also held a security interest, on October 28, 1982, and that plaintiff never received an accounting of the disposition of this property. See Affidavit, *supra*. Because plaintiff has transferred, removed or concealed property of the Debtor or of the estate, plaintiff's first claim for relief is well taken.

### Second Claim for Relief

■ Plaintiff, in its second claim for relief, contends that Debtor has concealed or failed, without justification, to keep or preserve recorded information from which Debtor's financial condition might be ascertained, including documentation regarding the sale of equipment and livestock, regarding the source of the $70,000 kept in Debtor's closet, and regarding the sale of Debtor's interest in a condominium in Florida. Amended Complaint at 3–4. Subsection (3) of § 727(a) governs this second claim for relief and provides that a discharge shall be granted a Debtor unless—

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

Although full detail is not required, the evidence should be orderly and preserved, permitting interested parties to ascertain Debtor's past and present financial condition. *In Re Hofmann*, 81 B.R. 699, 702 (Bkrtcy.S.D.Fla.1987) (citing 4 *Collier on Bankruptcy* ¶ 727.03[3] (15th ed. 1987)).

*See also Matter of Horton*, 621 F.2d 968, 971 (9th Cir.1980)(§ 14(c)(2) of the Bankruptcy Act, from which § 727 is derived, requires that the bankrupt present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past)(citation omitted).

Debtor, when questioned regarding disposition of assets, including equipment and livestock, could not adequately respond due to the lack of records. Debtor's Deposition at 37, 111–112. Additionally, as previously stated, plaintiff was not supplied with an accounting of the disposition of the livestock in which it held a security interest. See Affidavit of Rayda Jones and Discussion *supra* pp. 652–53. Debtor also stated that he had a ½ interest in a condominium in Florida that he sold in 1983. Debtor's Deposition at 126–33. However, Debtor has no records regarding this transaction and was uncertain regarding the sale arrangements. *Id.* While Debtor need not have detailed books and records, he must, in order to be granted a discharge, have records from which his past and present financial condition and transactions can be ascertained. Because Debtor lacks the requisite recorded information, plaintiff's second claim for relief is well taken.

### Third Claim for Relief

■ Plaintiff, in its third claim for relief, contends that Debtor knowingly and fraudulently made a false oath or account in his petition by stating that he has no interest in the 1025 Virginia Avenue real estate and in cash and savings accounts, in failing to include the $70,000 cash wrongfully appropriated, in wrongly listing creditors and claims, in failing to list transfers within one year of his petition, in stating that his petition was accurate, and in stating that transfers to his wife and mother were in repayment of loans. Amended Complaint at 4–5. Subsection (4) of § 727(a), governing this claim for relief, provides in relevant part that Debtor shall be granted a discharge unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account;

    (B) presented or used a false claim;

    (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or....

Thus, a Debtor may be refused a discharge if he

1. knowingly and fraudulently made a false oath,

2. relating to a material fact.

*In Re Tully*, 818 F.2d 106, 110 (1st Cir. 1987). *See also In Re Zahneis*, 75 B.R. 201 (Bkrtcy.S.D.Ohio 1987) (the false oath must relate to a material fact); *Kessler, supra.* Again, once plaintiff establishes that it reasonably appears Debtor has made a false oath, Debtor must come forward with evidence that he has not committed the offense charged. *Tully*, 818 F.2d at 110. Furthermore, the requisite intent to deceive may be inferred from the facts and attendant circumstances. *Zahneis*, 75 B.R. at 203.

Debtor's discharge may be denied if he made a false statement in his schedules or statement of financial affairs. *In Re Cline*, 48 B.R. 581 (Bkrtcy.E.D.Tenn.1985). *See also Tully*, 818 F.2d at 112 (sufficient evidence exists to support the conclusion that Debtor exhibited "reckless indifference to the truth" which has consistently been treated as the functional equivalent of fraud pursuant to § 727(a)(4)(A)); *In Re Johnson*, 82 B.R. 801 (Bkrtcy.E.D.N.C. 1988) (Debtor made false oath with regard to material matters in schedules by understating income, failing to disclose prior filings, undervaluing assets and overstating amount of secured debt); *In Re Ward*, 82 B.R. 484 (Bkrtcy.E.D.Ark.1988) (Debtor, in failing to list multiple assets in his original sworn schedule of assets and in failing to list corresponding debts, has exhibited reckless indifference to the truth which has consistently been treated as the functional equivalent of fraud for purposes of denial of a discharge for false oath)(citing *Tully, supra* ); *Zahneis*, 75 B.R. at 203 (disregard

by Debtor in presenting his answers may be sufficient to meet the statutory test in § 727(a)(4)).

Debtor failed to list his interest in the Virginia Avenue real estate. *See Kaiser* and Discussion *supra* p. 652. Additionally, Debtor lists C.C. Sisler, in his petition, as a creditor having an unsecured claim without priority in the amount of $7,000. Debtor's Petition, Schedule A–3. Mr. Sisler stated that he has never loaned money to Debtor. Deposition of Cassius C. Sisler of May 28, 1987 at 9–11 (July 10, 1987). Debtor also lists the Kings as creditor having an unsecured claim in the approximate amount of $12,000. Debtor's Petition, Schedule A–3. The Kings stated that Debtor does not owe them money. Richard's Deposition at 79; Barbara's Deposition at 11–12. Because Debtor failed to list assets and overstated claims, Debtor's discharge should be denied. Plaintiff's third claim for relief is well taken.

### Fourth Claim for Relief

◼ Plaintiff, in its fourth claim for relief, contends that Debtor failed to satisfactorily explain the loss or deficiency of assets. Section 727(a)(5) provides that Debtor shall be granted a discharge unless—

(5) the debtor has failed to explain satisfactorily before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

The purpose of this section is to:

secure the equitable distribution of the estate among his creditor, and ... "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes."

*Devers*, 759 F.2d at 754 (citations omitted). This section permits the court broad discretion to deny a discharge if Debtor fails to adequately explain the loss of assets. *Martin*, 698 F.2d at 886. Debtor's "explanation 'must consist of more than a vague, indefinite, and uncorroborated hodgepodge of financial transactions.'" *Id.* (citation omitted). That is, to be satisfactory, Debt-

or's explanation must convince the judge. *In Re Chalik,* 748 F.2d 616, 619 (11th Cir. 1984).

Debtor has failed to satisfactorily explain the loss of assets in his deposition and has failed to provide any documentation or rebut the allegations in plaintiff's motion and complaint. Plaintiff's fourth claim for relief is well taken.

### Fifth Claim for Relief

■ Plaintiff, in its fifth claim for relief, contends that Debtor committed these same acts in connection wth a prior bankruptcy case, In Re Riffle Creek Meats, Inc., Case No. 84–01478. The court finds this claim without merit as this case was assigned to the Honorable Richard L. Speer on the date of the filing of that petition, September 18, 1984, and was closed on December 31, 1986. Plaintiff's claim regarding the administration of that case was properly the subject of that case during its pendency before Judge Speer.

Because plaintiff has moved for summary judgment and supported its motion by affidavit, depositions and other pleadings, because plaintiff has carried its burden in establishing a prima facie case for denial of Debtor's discharge, and because Debtor has failed to show a genuine issue for trial and has failed to come forward with evidence to rebut plaintiff's prima facie case, the court finds that plaintiff's motion for summary judgment should be granted and that Debtor's discharge should be denied. It is therefore

ORDERED that plaintiff's motion for summary judgment be granted as to the first, second, third and fourth claim for relief in plaintiff's amended complaint. It is further

ORDERED that Debtor's discharge be, and it hereby is, denied.