**In re Sergio WAINSZTEIN, Debtor.**

**WOLFDIAM P.V.B.A., Plaintiff,**

v.

**Sergio WAINSZTEIN a/k/a Jose Sergio Wainsztein, Defendant.**

**Bankruptcy No. 89–25031–BKC–SMW. Adv. No. 90–0030–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 10, 1990.

Jeffrey S. Shapiro, North Miami Beach, Fla., for debtor.

Richard T. Walsh, New York City, for creditor.

Donna Bumgardner, Sunrise, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Wolfdiam, P.V.B.A. (the "creditor") against Sergio Wainsztein (the "debtor"), pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), and §§ 727(a)(2)(A), (a)(3), (a)(4), and (a)(5), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a)(b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

The debtor is the president and sole shareholder of a corporation engaged in the retail sale of diamonds. The creditor is a diamond dealer who, in 1985, entered into a consignment agreement with the debtor. Under the terms of the agreement, the creditor shipped diamonds, on consignment, to be sold by the debtor, while title to the diamonds remained in the creditor. Following the sale of the diamonds, the debtor was required to remit the proceeds to the creditor less a specified commission.

In direct contravention of the agreement, the debtor commenced depositing the proceeds of the diamond sales into his general operating account. The funds were then used by the debtor to pay for general business expenses including his salary, his wife's salary, and payments to individual creditors. By January, 1987, the creditor was owed $260,000.00, by the debtor for diamonds supplied to him and his company. Following a small payment to the creditor, the debtor owed $256,477.00 to the creditor for diamonds that were either sold by the debtor and the proceeds of which were never remitted, or for diamonds that were retained by the debtor and never returned.

The creditor commenced an action against the debtor in New York state court seeking to recover the amount owed by the debtor. At the time the creditor commenced the state court action, the debtor and his wife owned two parcels of real property in Staten Island, New York, as tenants by the entireties. In February and April, 1989, while the state court action between the parties herein was still pending, the debtor and his wife sold each of the real properties. Subsequently, the debtor conveyed his interest in the net proceeds of the sale of the properties to his wife. Thereafter, the debtor's wife pur-

chased, in her name, a parcel of property in Plantation, Florida where the debtor and his wife now live.

In October, 1989, the debtor filed his individual petition under Chapter 7 of the Bankruptcy Code in this Court. The creditor then commenced this adversary proceeding seeking to deny the debtor his discharge or, alternatively, seeking a determination that the debt owed by the debtor to the creditor based on the breach of the consignment agreement be declared nondischargeable.

In count five of the creditor's complaint, the creditor seeks to deny the debtor a discharge on the grounds that the transfer by the debtor to his wife of his interest in the proceeds of the sale of the real properties constituted a fraudulent transfer within the meaning of 11 U.S.C. § 727(a)(2)(A). At the trial of this matter, the debtor failed to produce any evidence indicating what the amount of the net proceeds of the sale of the two New York properties was. Under 11 U.S.C. § 727(a)(2)(A), a debtor is entitled to discharge unless "the debtor with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition." In order to sustain an objection to discharge, a creditor must prove that:

1. a transfer, removal, destruction, mutilation, or concealment of property has occurred;

2. the property was property of the debtor;

3. the act complained of was done within one year of the filing of the bankruptcy petition; and

4. the act was done with actual intent to hinder, delay or defraud a creditor.

*In re McNamara,* 89 B.R. 648 (Bankr.N.D. Ohio 1988).

■ The intent to hinder, delay or defraud a creditor necessary to deny a debtor his discharge may be based upon circumstantial evidence or inferences drawn from course of conduct. *In re Kaiser,* 94 B.R.

779 (Bankr.S.D.Fla.1988); *In re Topping,* 84 B.R. 840 (Bankr.M.D.Fla.1988). Because a debtor's fraudulent intent is rarely susceptible to direct proof, courts have developed "badges of fraud" to establish the requisite actual intent to defraud. *In re Kaiser,* 722 F.2d 1574, 1582 (2nd Cir.1983). These indicia of fraud include:

1. the lack or inadequacy of consideration;

2. the family, friendship or close associate relationship between the parties;

3. the retention of possession, benefit or use of the property in question;

4. the financial condition of the party sought to be charged both before and after the transaction;

5. the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and

6. the general chronology of the events and transactions under inquiry.

*In re Kaiser,* 722 F.2d 1574, 1582–1583 (2nd Cir.1983); *In re McNamara,* 89 B.R. 648, 651 (Bankr.N.D.Ohio 1988).

■ The creditor has demonstrated to the Court that the transfer by the debtor to his spouse of his interest in the proceeds of the sale of the two New York properties was fraudulent within the meaning of 11 U.S.C. § 727(a)(2)(A). First, it is uncontroverted that the debtor transferred his share of the proceeds to his spouse. At the time of the transfer, the debtor's interest in the entireties property in New York could have been levied upon by a judgment creditor alone. *See In re Weiss,* 4 B.R. 327, 330 (Bankr.S.D.N.Y.1980). Secondly, it is also uncontroverted that the transfer to his spouse occurred within the one year period preceding the filing of the Chapter 7 petition. The sale of the New York properties took place in February and April, 1989. Also in February, 1989, the debtor's spouse executed a contract for the purchase of the property in Plantation, Florida, the purchase of which was partially funded by the monies transferred to the debtor's wife.

Eight months later, in October, 1989, the debtor filed his petition.

Finally, the creditor has also established that the debtor had the requisite fraudulent intent at the time the transfer was made. Aware that the creditor had a claim against him, the debtor transferred his interest in the proceeds of the sale of the properties to his wife. The evidence presented showed that, at the time of the transfer, the sum of the debtor's debts was greater than the fair value of his property, thus rendering the debtor insolvent. *See* 11 U.S.C. § 101(31). Further, the transfer was to an insider (the debtor's spouse), and the debtor retained the use and enjoyment of the property in that he now lives in the home purchased with the transferred funds. The evidence demonstrates that there were sufficient "badges of fraud" so as to permit this Court to conclude that the transfer was made the transfer with the intent to hinder, delay and defraud the creditor.

Based upon the foregoing facts, the debtors' discharge is denied under 11 U.S.C. § 727(a)(2)(A).

In view of this Court's decision with respect to count five of the creditor's complaint wherein the debtor seeks to deny the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), the Court does not address, and makes no findings with respect to, the other counts of the creditor's complaint.

A separate Final Judgment of even date has been entered in conformity with the Findings of Fact and Conclusions of Law.

Done and Ordered.